WILLIAM REILLY & another[1] *vs.* METROPOLITAN PROPERTY & LIABIL-ITY INSURANCE COMPANY. March 11, 1992. *Arbitration*, Award, Dam-ages. *Interest*.

The plaintiffs, William and Rose Reilly, filed a motion in the Superior Court seeking arbitration pursuant to G. L. c. 251 (1990 ed.), to decide their underinsurance claim against the defendant, Metropolitan Property & Liability Insurance Company (and another insurer not involved in this appeal), following an automobile accident in which Rose Reilly was in-jured. The motion was allowed. The arbitrator awarded damages to both plaintiffs and directed that the awards were to be paid by Metropolitan alone. His award did not mention the matter of interest. On January 10, 1990, the plaintiffs moved in the Superior Court to confirm the arbitrator's award, see G. L. c. 251, § 11 (1990 ed.), and sought interest from the date their motion for arbitration was filed. A judge of the Superior Court al-

---

[1]Rose Reilly.

lowed the plaintiffs' motion to confirm, and on January 25, 1990, entered two orders directing Metropolitan to pay each plaintiff the damages awarded by the arbitrator "together with costs and interest from the time [the] action was commenced." Metropolitan appealed, and we transferred the case to this court on our own motion.

Metropolitan argues that the judge should not have added preaward interest to the damages awarded by the arbitrator, and that interest should have been granted only for the period between the date of the filing of the motion to confirm and the date of the entry of the judgment. In *Sansone* v. *Metropolitan Property & Liab. Ins. Co.*, 30 Mass. App. Ct. 660 (1991), the Appeals Court addressed the questions involved in this case: (a) whether preaward interest should be added pursuant to the interest provisions of G. L. c. 231, §§ 6B, 6C, or 6H, to an arbitrator's award involving an underinsurance claim which was silent on interest, and (b) during what period postaward interest should run. On the first question, the Appeals Court concluded that a successful plaintiff in this type of arbitration should not obtain preaward interest. "If the silence of an arbitrator's award as to interest entitles the party obtaining a monetary award to claim interest under the interest provisions of G. L. c. 231, §§ 6B, 6C, or 6H, by coming into court to confirm an award — in this case one already paid — the purpose of avoiding court proceedings is vitiated. That important purpose is better served by considering, in the absence of an explicit agreement to the contrary, pre-award damage claims, including interest, to have been submitted to arbitration." *Sansone, supra* at 662-663. We agree with these observations and the conclusion reached by the Appeals Court. As to the question of postaward interest, the Appeals Court stated that, "To encourage 'swift obedience' to the award without the necessity of court proceedings, the rule in Massachusetts is that post-award interest runs from the date of the award." *Id.* at 663. This statement of the rule is correct. There is no reason why these rules should not be applied to this case.

The orders entered in this case on January 25, 1990, are modified by striking all provisions for interest other than that applicable to the postaward period from the date of the award to the date the orders are satisfied and, as so modified, the orders are affirmed.

*So ordered.*

*Carol A. Griffin* for the defendant.
*Albert E. Grady*, for the plaintiffs, submitted a brief.