McEvoy, J.
The plaintiff, Vasilios Girginis (Girginis), brought an action for breach of contract, misrepresentation, common law fraud and deceit, and violation of G.L.c. 93A, against the defendant, Fred Kanavos (Kanavos). The parties agreed to submit to binding high/low arbitration with parameters of a $36,000 minimum award and an $86,000 maximum award. ADR Solutions was selected as the parties’ forum and they agreed to abide by the rules and regulations of ADR. The high/low arbitration agreement was reduced to writing on an ADR form. The arbitrator was aware of its existence, but did not know its terms. On November 28, 1995, the arbitrator awarded the plaintiff $0, but pursuant to the terms of the high/low arbitration agreement, the defendant was under an obligation to pay the plaintiff $36,000.
The plaintiff filed this motion to confirm the arbitration award and for judgment seeking interest from the date the lawsuit was filed plus costs. The defendant does not oppose the confirmation of the award, but he does oppose the request for interest and costs. The grounds for opposition are two-fold; that there was never an agreement that the prevailing party would be entitled to collect interest and costs; and that since the arbitrator’s award was silent as to interest and costs the Uniform Arbitration Act for Commercial Disputes provides that there is no right to claim them.[1]
DISCUSSION
Pursuant to G.L.c. 251, §11, a party can petition this court for a confirmation of an arbitration award and once the confirmation is granted, G.L.c. 251, §14 states that judgment shall be entered. Girginis is seeking confirmation of the high/low arbitration agreement which provided for a $36,000 payment from Kanavos. In addition, Girginis asserts that upon entry of judgment, G.L.c. 251, §14, entitles him to interest from the date of the commencement of the underlying lawsuit, and to the costs incurred in bringing this lawsuit. Kanavos does not oppose the confirmation of the award, but he does oppose the plaintiffs request for interest and costs. This court confirms the arbitration award of November 28, 1995.
Since Girginis is seeking interest from the date of commencement of this lawsuit, June 26, 1993, he is asking this court to award prearbitration award interest upon entry of judgment. In this case, the arbitrator’s award is silent as to interest, and the parties had no agreement as to the award of interest. To adopt the plaintiffs position and award interest from the date of the complaint in accordance with G.L.c. 231, §§6B, 6C would fail to acknowledge that the parties decided to take the case out of court for purposes of resolution by submitting it to binding arbitration. The award of interest under G.L.c. 231, §§6B, 6C would vitiate the purpose of alternative dispute proceedings. “That important purpose is better served by considering, in the absence of an explicit agreement to the contrary, preaward damage claims, including interest are deemed submitted to arbitration.” Sansone v. Metropolitan Property & Liability Ins. Co., 30 Mass.App.Ct. 660, 663 (1991). See also Reilly v. Metropolitan Property & Liability Ins. Co., 412 Mass. 1006, 1007 (1992). In this case, further evidencing the parties’ intention to control an alternate means of dispute resolution, namely arbitration, is the existence of their separate agreement to engage in undisclosed high/low arbitration. Since neither the parties’ own agreements, nor the arbitrator’s decision, addressed the issue of interest, preaward interest should not be ordered by this court. See Sansone v. Metropolitan Property & Liability Ins. Co., 30 Mass.App.Ct. at 663; Reilly v. Metropolitan Property & Liability Ins. Co., 412 Mass. at 1007.
Girginis is also asking this court to award postarbitration interest. “To encourage ‘swift obedience’ to the award without the necessity of court proceedings, the rule in Massachusetts is that postaward interest runs from the date of the award.” Sansone v. Metropolitan Property & Liability Ins. Co., 30 Mass.App.Ct. at 663. See also Reilly v. Metropolitan Property & Liability Ins. Co., 412 Mass. at 1007. On November 28, 1995, the arbitrator awarded the plaintiff no recovery, thereby triggering the defendant’s obligation to pay the $36,000 pursuant to the arbitration agreement. It was as of this date that the terms of the binding high/low arbitration agreement became enforceable.
This court is denying the plaintiffs request for costs incurred because the language in G.L.c. 251, §10 expressly states that the issue of costs is either provided for in the arbitration agreement, or the award will specifically include costs. Since both the arbitration agreement and the arbitrator’s decision were silent as to costs, each party is responsible for whatever costs he incurred in either prosecuting or defending this action.
ORDER
It is therefore ORDERED that the motion to confirm the arbitration award and for judgment be GRANTED and that interest be awarded from the date of the arbitration award, November 28, 1995. The request for costs is DENIED.

G.L.c. 251, §10 states that “unless otherwise provided for in the agreement to arbitrate, the arbitrators’ expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.”