Hillman, J.
INTRODUCTION
The plaintiff, Mark Wambolt, (“Wambolt”) has moved to confirm an arbitrator’s award and for the entry of judgment with interest and costs. The defendant, Commerce Insurance Company (“Commerce”), opposes that motion and has filed a motion to modify the arbitrator’s award.[2] For the reasons set forth below, I deny the plaintiffs motion and allow the defendant’s motion.
FACTS
Wambolt was injured in an automobile accident on December 26, 1998 when the vehicle that he was driving was rear ended by a vehicle driven by Ms. Lee Ann Price. Ms. Price’s automobile insurance policy bodily injury limits were $100,000.00 per person and $300,000.00 per accident. Wambolt’s automobile was insured by Commerce and he made a claim under that insurance policy for underinsurance benefits. The underinsurance benefits available to Wambolt under Commerce’s policy were $250,000.00 per person and $500,000.00 per accident. The Commerce auto insurance policy in effect at that time provided that:
If only one person sustains bodily injury, we will pay any unpaid damages up to the difference between the total amount collected from the automobile bodily injury liability insurance covering the legally responsible owners and operators of all insured autos and the “per person” limit shown for this part of your Coverage Selection Page.
Wambolt submitted his underinsurance claim for arbitration before a three-member arbitration panel. The arbitration panel was asked to determine Wambolt’s total damages without reference to the available insurance. The arbitration panel awarded Wambolt $325,000.00 in total damages. It is the adjustment of this award to reflect the coverage afforded under the two insurance policies, and the plaintiffs request for pre-arbitration interest and costs, that are at issue.
DISCUSSION
Commerce argues persuasively that the amount of money that they are required to pay to Wambolt under the arbitration award is $150,000.00. They point to the explicit language of the policy which requires them to pay the difference between Wambolt’s underinsurance ($250,000.00) and the tortfeasor’s policy limits ($100,000.00). According to the clear language of that policy, the arbitration award is to be modified to reflect that Commerce is obligated to pay the plaintiff $150,000.00.
The plaintiff has also made a claim for his preaward interests and costs. Failing an explicit agreement between the parties with respect to pre-award interest, or such an award by the arbitrator, the plaintiff is without recourse. Reilly v. Metropolitan Property and Liability Insurance Company, 412 Mass. 1006 (1992). The same principle applies with respect to the plaintiffs request for costs. By participating in arbitration, the plaintiff engages in a civil proceeding, which proceedings do not enjoy the protection of G.L.c. 261, §1 which provides for the recovery of costs only in a “civil action.”
Order
The plaintiffs Motion to confirm Arbitration Award and to Enter Judgment Plus Interest and Costs (p. #16) is denied with respect to pre-award interest and costs. The defendant’s Defendant’s Motion to Correct or Modify Arbitration Award (p. #17) is allowed. The arbitration award is to be modified to reflect that Commerce is obligated to pay the plaintiff $150,000.00.

 Plaintiffs Motion to confirm Arbitration Award and to Enter Judgment Plus Interest and Costs (p. #16), Defendant’s Motion to Correct or Modify Arbitration Award (p. #17).