Murphy, J.
The plaintiff, Frank Melanson (“Melanson’j, commenced this action against Dr. William Damon (“Dr. Damon”), after an arbitration award was made in favor of Melanson. The parties do not dispute the validity of the award. Melanson now moves for an assessment of interest on the award pursuant to G.L.c. 231, §6B.[2] For the reasons set forth below, Melanson’s motion is DENIED.
BACKGROUND
This case was originally commenced in Worcester County Superior Court on February 4, 1999. The trial date was set for April 2003. Before a trial commenced the parties agreed to submit the case to binding arbitration. Thereafter, the trial date was set for January 5, 2004. In December of 2003, the parties agreed to former judge James Ryan of JAMS (“Ryan”) as the arbitrator. The arbitration was set for March 23, 24, 28, and 29, of 2003. The trial date was held open and the case was not dismissed. Neither the JAMS arbitration rules nor the arbitration agreement addresses the issue of pre-judgment interest. On April 16, 2004, Ryan issued a decision awarding Melanson $400,000.00 in damages.
Following the award Melanson moved for interest to be computed and added thereto.[3] The agreement to *673 arbitrate was silent on the matter of interest, and the issue was never raised until after Ryan’s decision.[4] After his decision, both sides presented this issue to Ryan, and he stated, most simply, that he did not address interest because neither party presented the issue to him. Further, Ryan stated his belief that it was not his decision to determine whether prejudgment interest should be awarded in this case.

DISCUSSION

I. PRE-AWARD INTEREST
G.L.c. 235, §6B and G.L.c. 231, §6B provide for interest added to damages in tort actions. G.L.c. 231, §6H states in relevant part that in any action in which a verdict is rendered or a finding made, there shall be interest added to the award. The interest is calculated from the date of commencement of the action.
Melanson argues that Ryan’s award is a “finding” within the meaning of the statute, so that, a fortiori interest must be assessed and added by the arbitrator, and in any event, by the Court.
The Court disagrees. If the arbitrator’s award is silent with respect to pre-award interest, and such silence is the product of a failure of the prevailing party to have requested consideration of the issue, it should be presumed, in the absence of countervailing evidence, that interest was waived. See Reilly v. Metropolitan Property & Liability Ins. Co., 412 Mass. 1006 (1992). The Court will assume, “in the absence of an explicit agreement to the contraiy, pre-award damage claims, including interest, to have been submitted to arbitration.” Id.; see also Sansone v. Metropolitan Property & Liability Ins. Co., 30 Mass.App.Ct. 660 (1991) (holding that when plaintiff sought arbitration, and neither the award nor the arbitration agreement mentioned interest, the plaintiff was not entitled to pre-award interest). Ryan’s award having been silent as to interest, and the parties not having any agreement, oral or written, implicit or explicit, on the issue, Melanson must be deemed to have waived it. Matters which bear on the arbitration which could have been addressed by the arbitrator should not be allowed to surface for the first time after the conclusion of the arbitration proceedings. A party who does not anticipate this important issue does so at his peril. See Connecticut Valley Sanitary Waste Disposed, Inc. v. Zielinski, 436 Mass. 263, 271-72 (2002).
ORDER
For the foregoing reasons, it is hereby ORDERED that Melanson’s Motion for Pre-Award Interest is DENIED.

Dr. Damon seeks dismissal of the current action under Mass.R.Civ.P. 41(a)(2). This is not the appropriate mle. This rule allows for the court to order a dismissal when the plaintiff has filed a dismissal but not all of the parties have stipulated to the dismissal. The court will not address this matter at this time.

At the rate set by the statute, this would amount to an extra $296,000.00 for Melanson.

Melanson’s counsel believed that with the case still pending and not dismissed prior to arbitration, the issue of interest would be addressed following the decision of the arbitrator.