Coven, J.
The issues presented by this appeal are whether the trial court erred in refusing to vacate an arbitration award and, if not, in excluding prejudgment interest on the award.
Plaintiff Gary Hiltz was injured in an automobile accident, and filed this action against the defendant, Sarah A. Whited, for her alleged negligence. Independent of his claim against the defendant, the plaintiff also sought underinsurance coverage under his own policy. Both the plaintiff and the defendant had purchased automobile insurance policies from the same insurer. During the course of this litigation, binding arbitration was selected as a method of resolving both this action against the defendant and the plaintiffs underinsurance claim. The Arbitration Agreement, signed by counsel for both parties and by a representative of the insurer, specifically stated that any award made “shall not include interest... and ... be a net award.”
During the arbitration proceeding, the defendant offered into evidence two unsigned medical record review reports regarding plaintiffs claimed injuries. The plaintiff had not been previously provided with a copy of the reports. One report was authored by a physician who claimed to have performed an “independent orthopedic evaluation” of the plaintiff. The defendant also made use of the plaintiffs medical records that she had obtained through authorization releases provided by the plaintiff. A copy of the records in question was not provided to plaintiffs counsel prior to the hearing, although an informal request was made by plaintiffs counsel for their production.[1]
There is no transcript of the arbitration hearing. The record before us on this appeal contains a letter written by plaintiffs counsel to the arbitrator on March 22, 2008 outlining the objections noted above. The letter asserts that plaintiffs counsel objected to the introduction of the two unsigned medical record review reports on the grounds that (1) he had not been previously provided with a copy, and (2) one report contained the factually incorrect assertion that the physician had performed *246 a physical examination of the plaintiff. It also appears that plaintiffs counsel objected to the use of the medical records obtained by defendantss counsel. In response to. plaintiffs counsel’s letter, the arbitrator informed the parties by written letter dated March 30,2007 that he would keep the hearing open for one week and allow the parties either to request that the hearing be reconvened, or to submit further argument. The parties did not do either.
The arbitrator found the defendant negligent in causing the accident and the plaintiffs injuries. The arbitrator determined, however, that because of the plaintiffs past history of chiropractic care for chronic back problems, not all of the treatment plaintiff received could be attributed to the accident. The plaintiff was awarded $10,795.00 by the arbitrator.
The plaintiff thereafter filed in this action a motion to vacate the arbitration award,[2] in which he challenged the introduction at the arbitration hearing of both the two physicians’ reports and the medical records. During the hearing on the motion, it was brought to the judge’s attention that the arbitrator had become aware of the plaintiff’s motion to vacate and had offered, through a letter to the parties, to assist the court with further findings if the court wanted additional facts. The court sought clarification from the arbitrator as to (1) whether the plaintiff was permitted to continue the hearing in view of the late disclosure of the physicians’ reports and (2) to what extent the arbitrator based his award on those reports. The arbitrator responded that the plaintiff was provided an opportunity to submit additional evidence or arguments after the hearing, and that the plaintiff submitted the March 22,2008 letter. The arbitrator also stated that the two physicians’ reports were neither credible, nor persuasive, and, accordingly, were given no weight in reaching the award determination.[3] The award, according to the arbitrator, was based on “other evidence, including the plaintiff’s testimony.”
Following the arbitrator’s clarification, the judge denied the plaintiff’s motion to vacate, and allowed the defendant’s motion to confirm the award. The action was dismissed on July 23, 2007. The clerk-magistrate’s office added six hundred and twenty-three days of prejudgment interest ($2,211.05) to the award. The defendant filed a motion to correct what she termed as the clerical mistake of adding prejudgment interest, and that motion was allowed.
The plaintiff now argues on this appeal that the arbitrator’s statement in his clarification that the two medical evaluation reports did not influence his award was disingenuous. The plaintiff contends that no person can “truly expect [the arbitrator] to say he did rely on the reports to create an easier appellate issue. Once the bell has rung, it can’t be silenced.” We disagree. First, beyond the plaintiff’s mere speculation, there is no evidence to impeach the arbitrator’s claim. Moreover, the *247 time for any objection to the procedure followed by the motion judge was at the point that the court ordered further clarification by the arbitrator. No objection was filed. Further, with respect to the medical records obtained by the defendant through the plaintiffs authorization, the plaintiff could have obtained copies of the records pursuant to G.L.c. 251, §7 (e) by serving the defendant with a request for the production of documents and by seeking the arbitrator’s enforcement of that request. The plaintiff failed to make a G.L.c. 251, §7 (e) formal request. Finally, we perceive no unfairness in the introduction at an arbitration hearing of the personal medical records of the person seeking damages for personal injuries.[4]
In short, there was no error in the trial court’s denial of the plaintiff’s motion to vacate the arbitration award.
As to prejudgment interest, it is generally understood that an arbitrator has the authority to add preaward interest to the award. “[T]he entitlement of a party to preaward interest is a decision that is within the purview of the arbitrators.” Connecticut Valley Sanitary Waste Disposal, Inc. v. Zielinski, 436 Mass. 263, 271 (2002). “[I]n the absence of an explicit agreement to the contrary, pre-award damage claims, including interest,” are assumed “to have been submitted to arbitration.” Sansone v. Metropolitan Prop. & Liab. Ins. Co., 30 Mass. App. Ct. 660, 663 (1991). See Reilly v. Metropolitan Prop. & Liab. Ins. Co., 412 Mass. 1006, 1007 (1992) (preaward interest not recoverable where the arbitrator did not include interest in his award); Coughlan Constr. Co. v. Rockport, 23 Mass. App. Ct. 994, 997 (1987) (where arbitrator’s award did not include interest, prevailing plaintiff was not entitled to interest).
In this case, the parties essentially removed the arbitrator’s authority to make an award of interest by expressly agreeing that the award, if any, would “not include interest... and ... be a net award.” In view of this language, there was no error in the court’s correction of the clerk’s error in adding prejudgment interest. The parties’ language in their Arbitration Agreement clearly expressed their intention to waive interest and accept the award as final. “Arbitration is a matter of contract,” Massachusetts Highway Dep’t v. Perini Corp., 444 Mass. 366, 374 (2005), quoting AT&T Techs., Inc. v. Communications Workers, 475 U.S. 643, 648 (1986), and “the award of the arbitrators is binding upon the parties.” Barletta v. French, 34 Mass. App. Ct. 87, 95 (1993). The trial court’s allowance of the defendant’s motion to correct judgment was proper.
Finally, we reject the plaintiff’s contention that postaward interest should have been allowed. The plaintiff relies on the usual rule that “ [t] o encourage ‘swift obedience’ to the award without the necessity of court proceedings, the rule in Massachusetts is that post-award interest runs from the date of the award.” Reilly, supra, quoting with approval Sansone, supra. The general rule is inapposite in this case, however, because the plaintiff sought to vacate the award. Where a prevailing *248 party seeks to have an arbitration award vacated, the opposing party is not in any sense of the general rule “encourage[d]” to pay the award. The plaintiffs motion to vacate the award necessarily caused the defendants payment to be delayed until resolution of his motion. Once the plaintiffs motion to vacate was denied, the defendant paid the award promptly.
Appeal dismissed.

 The record on appeal contains three letters written to defendant’s counsel by plaintiffs counsel seeking copies of medical records received by the defendant through the written authorizations by the plaintiff. Those requests did not constitute a request for production of documents governed by Mass. R. Civ. E, Rule 34.

 Two days after plaintiff filed his motion to vacate the award, the defendant filed a motion to confirm the award.

 The parties have not contested the motion judge’s request for clarification of the arbitrator’s decision. We note that while there exists express authority to modify or correct an award, G.L.c. 251, §11, or order a rehearing, G.L.c. 251, §12, there does not appear to be any authority for a court to request the clarification sought in this case.

 The medical records actually introduced by the defendant have not been included in the record before us. We assume, in view of the arbitrator’s statement that he did not rely on the two medical evaluation reports, that the medical records accurately reflected the plaintiff’s prior extensive history of back problems.