Martin S. KERMACY, Appellant,

v.

FIRST UNITARIAN CHURCH OF AUSTIN, Appellee.

No. 11008.

Court of Civil Appeals of Texas.

Austin.

Oct. 24, 1962.

Rehearing Denied Nov. 14, 1962.

Byron Lockhart, Austin, for appellant.

Sam Houston Clinton, Jr., Austin, for appellee.

HUGHES, Justice.

This appeal involves only the questions of interest on a claim submitted to common law arbitration and the allowance of attorneys fees under Art. 2226, Vernon's Ann.Civ.St.

Appellant, Martin S. Kermacy, an architect, entered into a contract with the First Unitarian Church of Austin by which he agreed to perform certain architectural services for the church for stipulated compensation.

Following part performance of the contract by Mr. Kermacy a controversy arose in the church regarding the acceptance of the work done by Mr. Kermacy. The congregation voted not to accept such work and the contract with Mr. Kermacy was terminated by the church. It should be stated that no fault was found by the church with Mr. Kermacy's work. The congregation merely exercised what it conceived to be its privilege under the contract of not accepting such work and not being liable for payment for it.

The contract between the parties provided for arbitration of disputes concerning it. This provision was invoked and the controversy beween the parties was submitted to arbitration. The arbitrators found for Mr. Kermacy in the sum of $3,154.97.

The church filed this suit to vacate the award of the arbitrators. Mr. Kermacy answered by praying "That the written decision of the arbitrators dated May 25, 1960, be confirmed and ratified", for interest from such date at 6% per annum on the amount of the award and for $1,500.00 attorney's fees. Appellant also filed a cross-action based on the contract and in the alternative on quantum meruit.

Motion for summary judgment was filed by appellant and not answered by appellee. This motion prayed for judgment denying appellee any relief and for judgment for the amount of the arbitrator's award, interest thereon from October 27, 1959, and an adjudication of appellee's liability for attorneys fees, and for general relief.

The Court granted this motion to the extent that judgment was rendered sustaining and affirming the award of the arbitrators. Accordingly judgment was rendered for appellant for the amount of the arbitrator's award with six percent interest from the date of judgment. Liability for attorneys fees was denied.

■ With reference to his claim for interest, appellant, relying on Art. 5070, V.A.C.S., which provides, in part, that interest on written contracts ascertaining the sum payable but not specifying a rate of interest should be allowed at the rate of 6% per annum from the time such sum is due and payable, contends that the amount of his award was due and payable under the contract on May 13, 1959. There is no pleading to support interest from this date. The pleaded date for interest is October 27, 1959. We presume this date was intended to coincide with the date of October 26, 1959, when the appellant was notified by letter of that date from the church that his contract had been terminated.

It is our opinion that appellant's claim for interest prior to the date of the award of the arbitrators was merged in the award. The arbitrators were charged with determining the "amount due to Kermacy on his claim for services" performed under the contract. Interest would be a part of the amount due, and the claim for it was merged in the award. See 6 C.J.S. Arbitration and Award § 96, p. 241.

■ We believe, however, that the court erred in not allowing interest at 6% per annum on the award from its date, May 16, 1960, as prayed for by appellant in its answer to appellee's suit. An arbitrator's award is, generally speaking, given the same effect as the judgment of a court of last resort. City of San Antonio v. McKenzie Const. Co., 136 Tex. 315, 150 S.W.2d 989, Johnson v. Korn, Tex.Civ.App., 117 S.W.2d 514, El Paso C.C.A., writ ref. Since judgments bear interest, Art. 5072, V.A.

**736**

C.S., the award should bear the same interest, and the judgment herein will be so reformed.

We are of the opinion that the Trial Court correctly denied the recovery of attorneys fees.

■ Art. 2226, supra, provides, in part, that any person having a valid claim for personal services may, after proper presentment and if represented by an attorney, recover an additional sum for reasonable attorneys fees if he obtains final judgment for all or a portion of such claim.

There was presentment by appellant of his claim both before and after the arbitration proceedings and appellant was represented by an attorney, both in the arbitration proceedings and in Court.

■ We do not determine the authority of the Arbitration Board to have allowed attorneys fees to appellant as that question is not before us. We hold that this suit, insofar as appellant successfully sought to have the award of the arbitrators ratified and confirmed, is not a suit in which judgment is sought on a claim for personal services. This claim has become merged in the award. Authorities supra.

Since an award of an arbitration board has many characteristics of a judgment of a court it is, by analogy, subject to the same rules applicable to judgments one of which is that the cause of action becomes merged in the judgment which is a new debt that replaces the original cause of action except where justice otherwise demands. Judgments, 34 Tex.Jur.2d, Sec. 443, p. 484. In 6 C.J.S. Arbitration and Award § 98, p. 243, it is stated that "The cause of action on an award is a new cause of action * * *".

The cause of action asserted and prosecuted here by appellant is to enforce an award made by an Arbitration Board. It is not for personal services and the recovery of attorneys fees is not authorized by statute or by the agreement of the parties.

The judgment of the Trial Court is amended so as to allow 6% interest on it from May 16, 1960. As amended the judgment of the Trial Court is affirmed.

Costs of appeal are adjudged one-half against appellant and one-half against appellee.

Reformed and affirmed.