COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-138-CV
  
  
DANIEL BLUMBERG AND DANIEL                                          APPELLANTS
BLUMBERG AND ASSOCIATES
 
V.
 
DAVID BERGH                                                                         APPELLEE
 
  
------------
 
FROM THE 17TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
Introduction
        Daniel 
Blumberg and Daniel Blumberg and Associates (collectively, Blumberg) appeal the 
trial court’s judgment confirming an arbitration award for David Bergh. In 
eleven issues, Blumberg complains that the trial court erred by confirming the 
arbitration award without giving him sufficient notice and without conducting a 
trial, thereby violating his federal and state constitutional rights; striking 
Blumberg’s special exceptions and his motion to transfer the case to a 
different court; refusing to allow Blumberg to conduct discovery; denying 
Blumberg’s motion for continuance; awarding Bergh prejudgment interest on the 
amount of the arbitration award; and denying or refusing to consider 
Blumberg’s two motions for new trial. We will modify the trial court’s 
judgment in part and affirm it as modified.
Background Facts and Procedural History
        On 
April 2, 2002, Blumberg, an attorney, and Bergh, his former client, arbitrated a 
dispute regarding attorney’s fees. The arbitration panel awarded Bergh 
$12,342.56 and ordered Blumberg to pay that amount to Bergh within thirty days. 
Blumberg did not pay the arbitration award; therefore, in September 2003, Bergh 
petitioned the trial court to confirm the award.
        In 
response, Blumberg filed a general denial and specially excepted to Bergh’s 
pleadings. Blumberg also raised the following affirmative defenses: the 
arbitration award was unenforceable because Blumberg had not agreed to arbitrate 
the dispute; the award was invalid because it was rendered as a result of the 
arbitrators’ mistake concerning their authority to arbitrate; Blumberg’s 
participation in the arbitration proceeding was a result of fraud, duress, 
mistake, or misconduct; the arbitration award was unenforceable because the 
arbitration panel had misapplied the law; Bergh was estopped from arbitrating 
because he and Blumberg had contracted to mediate their dispute and had 
previously settled their dispute in mediation; and Bergh’s petition to confirm 
the arbitration award was barred by laches, waiver, and the nonoccurrence of one 
or more conditions precedent in the arbitration award.
        Blumberg 
also served discovery on Bergh and moved to transfer the case to the 342nd 
District Court in Tarrant County for consolidation with a matter pending there 
that had given rise to the fee dispute. Bergh, in turn, moved for a protective 
order regarding the propounded discovery, moved to strike Blumberg’s motion to 
transfer and consolidate, and sought the imposition of sanctions against 
Blumberg based on procedural rules 13 and 215(2) and chapter 10 of the civil 
practice and remedies code.[2]
        The 
trial court set these matters for hearing on December 11, 2003.  On 
December 11, Blumberg moved to continue part of the hearing to a later date due 
to the absence of his law partner, Peter F. Bagley, whom Blumberg planned to 
call as a witness.  The court ruled, however, that it would “conclude the 
matter today” after Bergh agreed to stipulate to the contents of Bagley’s 
affidavit, which was attached to the motion for continuance.
        After 
allowing Blumberg to present evidence[3] at the 
December 11 hearing and considering arguments from both parties, the trial court 
overruled Blumberg’s special exceptions, granted Bergh’s request for a 
protective order, struck Blumberg’s motion to transfer and consolidate, denied 
Bergh’s motion for sanctions, and rendered judgment confirming the arbitration 
award.  This appeal followed.
Propriety of “Summary Proceeding”
        In 
his first issue, Blumberg contends that the trial court committed reversible 
error by confirming the arbitration award after conducting only a “summary 
proceeding” rather than holding a trial on the merits, or at least requiring 
Bergh to move for summary judgment on the arbitration award. In his second 
issue, Blumberg asserts that the trial court improperly decided the merits of 
Bergh’s petition at the December 11 hearing because Blumberg had not been 
afforded the 45 and 75 days’ notice of the hearing required by the Texas Rules 
of Civil Procedure and the Tarrant County Local Rules, respectively.[4]
        Bergh 
sought confirmation of the arbitration award under the Texas General Arbitration 
Act (the Act).[5]  After an arbitration award has 
been entered, the Act allows a party to apply for a court order confirming the 
award.[6]  The Act does not require the 
application to be in any particular format, although it does give the trial 
court the discretion to require certain basic contents in the application.[7]
        The 
Act also provides that the hearing on the application is subject to the same 
notice and hearing requirements that are applicable to a motion filed in a 
pending civil action in a district court.[8]  
This provision is similar to section 6 of the Federal Arbitration Act[9] and has the same policy—to expedite judicial treatment 
of matters pertaining to arbitration.[10]  Thus, 
the procedure for deciding an application to confirm an arbitration award is the 
same as for any other civil motion: three days’ notice and an evidentiary 
hearing if necessary.[11]  The Act does not 
place any additional notice or hearing requirements, such as those governing 
trials or motions for summary judgment, on award confirmation proceedings.[12]
        An 
arbitration award has the same effect as the judgment of a court of last resort; 
therefore, “[a]ll reasonable presumptions are indulged in favor of the award, 
and none against it.”[13]  Accordingly, once 
an application to confirm an arbitration award is filed, unless limited grounds 
are offered for vacating, modifying, or correcting it, the trial court must 
confirm the award.[14]  The fact that the type 
of relief granted by the arbitrators could not or would not be granted by a 
court of law or equity is not a ground for vacating or refusing to confirm the 
award.[15]
        The 
party asserting grounds for vacating, modifying, or correcting the arbitration 
award has the burden of proving them.[16]  
Moreover, except in cases where it is alleged that the award was obtained by 
corruption, fraud, or other undue means, the statutory grounds for vacating, 
modifying, or correcting the award must be raised by the 90th day after delivery 
of the award to the party asserting such grounds.[17]  
If corruption, fraud, or other undue means are alleged, the party asserting 
those grounds must do so by the 90th day after the grounds were or should have 
been known to him.[18]
        In 
this case, Blumberg received several weeks’ notice of the hearing on Bergh’s 
application, and the trial court conducted a hearing at which it allowed 
Blumberg to put on evidence. Therefore, the trial court satisfied the Act’s 
hearing and notice requirements.[19]  Moreover, 
absent a provision in an arbitration agreement to the contrary, rules of civil 
procedure and evidence other than those required by the Act do not apply to 
arbitration proceedings governed by the Act.[20]
        Further, 
Blumberg’s grounds for vacating the arbitration award were first raised in his 
original answer, which was filed on October 27, 2003; they were not raised by 
the 90th day after delivery of the arbitration award to Blumberg. Therefore, 
many of Blumberg’s grounds for vacating the arbitration award were 
time-barred.[21]  Blumberg acknowledged this 
deficiency at the hearing, but argued that the Act allows “other defenses” 
to be raised after the 90-day deadline and asserted that he was only seeking to 
advance those grounds.[22]
        The 
only statutory grounds not subject to the 90-day deadline are complaints that 
the award was obtained by corruption, fraud, or other undue means.[23]  Assuming, for argument’s sake, that Blumberg was 
also entitled to raise common-law grounds as defenses to confirmation of the 
arbitration award, those are limited to public policy violations, fraud, 
misconduct, or gross mistake that implied bad faith and failure to exercise 
honest judgment.[24]
        At 
the hearing, Blumberg did not raise any public policy grounds,[25] 
and he did not put on any evidence of corruption, fraud, or bad faith. He 
contended that he had participated in the arbitration “kicking and 
screaming” because the Chair of the Tarrant County Bar Association Fee 
Arbitration Committee had informed him that his failure to arbitrate could 
subject him to a grievance investigation by the State Bar of Texas.[26]  He further stated that he had learned “later”[27] that his refusal to arbitrate would not have been 
grievable and that he would not have been subject to an investigation by the 
State Bar.  Therefore, he argued that his participation in the arbitration 
could be called “fraud, duress, mistake, misconduct, or any or all of those 
things.”
        Blumberg 
did not, however, put on any evidence to support his contention that the 
information the arbitration committee had provided him was false, nor did he 
even attempt to show how or when he had learned that it was false.  
Further, the record shows that the gravamen of Blumberg’s complaint was not 
that the arbitration committee had intentionally or recklessly misled him but 
that it had been mistaken about whether his refusal to arbitrate could result in 
a grievance investigation. For example, Blumberg argued that the arbitration 
panel
   
apparently misunderstood entirely its role in enforcing the parties’ agreement 
. . . . I don’t think the arbitration panel did what it did maliciously. . . . 
I do not think badly of the panel or the dispute arbitration committee, I am 
simply of the opinion that it erred, and I think the substance of that error is 
something the Court is permitted to examine.
  
        Alleged 
misunderstandings of this nature, even if supported by evidence, do not 
constitute corruption, fraud, or other undue means for obtaining an arbitration 
award.  The essence of Blumberg’s complaint is that the arbitration panel 
made an error of fact or law.  This is not an appropriate ground for 
setting aside an arbitration award.[28]
        For 
all of the foregoing reasons, we hold that the trial court did not err by 
rendering judgment following the December 11, 2003 hearing rather than 
conducting a trial on the merits or a summary judgment proceeding. We further 
hold that Blumberg was not entitled to 45 or 75 days’ notice of the hearing 
under the Act. Accordingly, we overrule Blumberg’s first and second issues.
Special Exceptions
        In 
his third issue, Blumberg complains that the trial court erred by striking, 
without a hearing, his special exceptions to Bergh’s petition to confirm the 
arbitration award. Blumberg specially excepted to Bergh’s petition on the 
following grounds:
   
• 
that the petition improperly named “Daniel Blumberg & Associates” as a 
party to the confirmation proceeding even though Blumberg has never done 
business under that name;[29] and
  
• 
that the petition’s allegation that Bergh and Blumberg entered into a written 
agreement to arbitrate their fee dispute was not supported by the evidence 
attached to the pleading and that Bergh did not plead any other facts which, if 
true, would bind Blumberg to the arbitration award.[30]
   
        Both 
of these grounds are subject to the Act’s 90-day limitations period, which 
Blumberg admittedly failed to meet.[31]  
Therefore, the trial court did not err in striking them. Blumberg cannot avoid 
the consequences of his failure to comply with the Act’s deadlines by 
recasting his grounds for vacating or modifying the arbitration award as special 
exceptions. We overrule his third issue in part.[32]
Discovery
        In 
his fourth issue, Blumberg contends that the trial court improperly granted 
Bergh’s motion for a protective order because it denied Blumberg an 
opportunity to conduct discovery pertinent to his grounds for vacating or 
modifying the arbitration award.  He asserts that a complete denial of 
discovery in cases in which grounds for vacating or modifying an arbitration 
award are advanced “threatens a miscarriage of justice.”  As we have 
previously noted, however, virtually all of Blumberg’s grounds for vacating or 
modifying the arbitration award are either time-barred or are not recognized 
grounds for setting aside an arbitration award under either the Act or the 
common law.  Therefore, he was not entitled to conduct discovery to advance 
those time-barred or otherwise meritless grounds.
        Moreover, 
Blumberg does not describe what evidence Bergh may have provided to support 
Blumberg’s one potentially viable ground: that the arbitration panel had 
induced him to arbitrate by fraud or corruption or in bad faith.  Indeed, 
the record does not show what type of discovery Blumberg sought; he merely filed 
a one-sentence certificate in the trial court certifying that he had faxed 
discovery requests to Bergh.  Accordingly, we hold that the trial court did 
not abuse its discretion by refusing to allow Blumberg to conduct discovery on 
this ground.[33]  We overrule Blumberg’s 
fourth issue.
Constitutional Challenges
        In 
his eighth issue, Blumberg asserts that the trial court’s rendition of 
judgment after only a summary proceeding violated his right to due process under 
the federal constitution and his rights to due process and due course of law 
under the Texas Constitution.
        To 
support his federal due process argument, Blumberg cites two cases holding that 
due process requires notice and an opportunity to be heard before any 
governmental deprivation of a property interest.[34]  
Nothing in these cases, however, supports Blumberg’s contention that federal 
due process mandates a jury trial or a summary judgment proceeding on an 
application to confirm an arbitration award.[35]  
Further, the Act provides for notice and a hearing and Blumberg received 
both.  Accordingly, we overrule Blumberg’s federal due process complaint.
        Next, 
Blumberg asserts that the Act’s summary procedures governing the confirmation 
of arbitration awards violate the open courts and due course of law provisions 
of the Texas Constitution.[36] We disagree.
        In 
determining the constitutionality of a statute, we begin with the presumption 
that it is constitutional.[37]  Therefore, to 
prevail on an open courts complaint, a litigant must show two things: that he 
has a cognizable common-law cause of action that is being restricted; and that 
the restriction is unreasonable or arbitrary when balanced against the purpose 
and basis of the statute.[38]  In reviewing a 
due course of law complaint, we determine whether the litigant has a liberty or 
property interest that is entitled to procedural due process protection and, if 
so, what process is due.[39]
        Turning 
to Blumberg’s open courts complaint, few of his grounds for vacating or 
modifying the arbitration award are common-law causes of action. Instead, they 
are affirmative defenses or matters in avoidance and were pleaded as such.[40]  Moreover, the Act’s procedural requirements are 
neither unreasonable nor arbitrary when balanced against the purpose for the 
statute.  The “fundamental purpose of arbitration [is] to provide a 
rapid, less expensive alternative to traditional litigation.”[41]  The Act’s summary procedures help to achieve 
this purpose, while requiring a jury trial and full compliance with the rules of 
civil procedure as Blumberg urges would defeat it entirely.  Therefore, we 
overrule Blumberg’s open courts complaint.
        In 
Blumberg’s due course of law argument, he contends that the supreme court 
“has determined what process is due” by promulgating the rules of civil 
procedure, which require either a trial on the merits or a summary judgment 
proceeding in all civil actions in which the defendant has appeared and 
answered.  Given that the supreme court has stated that arbitration is a 
rapid alternative to litigation,[42] this argument 
also fails.  We overrule Blumberg’s eighth issue.
Postarbitration Interest
        In 
his sixth issue, Blumberg complains that the trial court erred by awarding Bergh 
prejudgment interest on the arbitration award.  Bergh contends that the 
interest, which he characterizes as postarbitration interest, is proper because 
it is well settled that an arbitrator’s award is given the same effect as a 
judgment of a court of last resort, and the finance code provides for all such 
judgments to earn postjudgment interest.[43]   
We agree with Blumberg.
        In 
this case, the trial court awarded Bergh postarbitration interest of $1002.12 on 
the arbitration award.  The trial court also awarded Bergh postjudgment 
interest on the amount of the arbitration award, the postarbitration interest, 
and court costs of $220 at the rate of five percent per annum.  Thus, the 
postarbitration interest was in the nature of prejudgment interest.
        The 
arbitration award did not award prejudgment or postarbitration interest, and 
neither the Act nor the finance code authorizes such interest in a case 
involving a fee dispute.[44]  Further, the 
finance code only authorizes post-judgment interest awards in money judgments 
rendered by courts.[45]  Arbitrators are 
not courts.[46]
        Finally, 
to allow a trial court to award postarbitration or prejudgment interest when 
none is authorized by statute, the arbitration agreement, or the arbitration 
award would be tantamount to allowing the court to modify the award in 
contravention of the Act.  Modification is proper only in the event of 
certain miscalculations or mistakes, none of which is alleged to have occurred 
here.[47]
        For 
all of these reasons, we hold that the trial court erred by awarding Bergh 
postarbitration interest.[48]  We sustain 
Blumberg’s sixth issue.[49]
Sanctions
        In 
his sole cross-issue, Bergh contends that this is a frivolous appeal and asks us 
to assess sanctions against Blumberg under appellate rule 45 and chapter 10 of 
the civil practice and remedies code.[50]  
Because Blumberg’s issues regarding the trial court’s award of 
postarbitration interest have merit, we overrule Bergh’s cross-issue.
Conclusion
        Having 
sustained Blumberg’s issues regarding the award of postarbitration interest, 
we modify the trial court’s judgment to omit that award and to provide that 
postjudgment interest shall accrue only on the $12,342.56 arbitration award plus 
the $220 in costs awarded by the trial court.  Having disposed of all other 
issues on appeal,[51] we affirm the trial court’s 
judgment as modified.[52]
  
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
  
PANEL A:   CAYCE, 
C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).
 
DELIVERED: May 5, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. R. Civ. P. 13, 
215(2); Tex. Civ. Prac. & Rem. Code 
Ann. §§ 10.001–.005 (Vernon 2002).
3.  
The trial court admitted Bagley’s affidavit, which contained what Blumberg 
characterized as “the most important and salient points” of Bagley’s 
proposed testimony.  The court also allowed Blumberg to put on evidence of 
his communications with the arbitration panel and his and Bergh’s contract for 
legal services.
4.  
See Tex. R. Civ. P. 245; Tarrant County (Tex.) Loc. R. 3.01(c).
5.  
See Tex. Civ. Prac. & Rem. 
Code Ann. §§ 171.001–.098 (Vernon Supp. 2004-05).
6.  
Id. §§ 171.086(b)(6), .087.
7.  
Id. § 171.085.  The trial court in this case did not exercise its 
discretion under section 171.085, but the application substantially complies 
with that section.
8.  
Id. § 171.093.
9.  
See 9 U.S.C.A. § 6 (West 1999) (“Any application to the court 
hereunder shall be made and heard in the manner provided by law for the making 
and hearing of motions, except as otherwise herein expressly provided.”).
10 
. Crossmark, Inc. v. Hazar, 124 S.W.3d 422, 430 (Tex. App.—Dallas 2004, 
pet. denied).
11.  
See Tex. R. Civ. P. 21; Crossmark, 
124 S.W.3d at 430.
12.  
See Tex. Civ. Prac. & Rem. 
Code Ann. § 171.093; see also Crossmark, 124 S.W.3d at 430 
(holding that the Act does not require a summary judgment motion to confirm, 
modify, or vacate an arbitration award).
13.  
CVN Group, Inc v. Delgado, 95 S.W.3d 234, 238 (Tex. 2002); see also 
Daniewicz v. Thermo Instrument Sys., Inc., 992 S.W.2d 713, 716 (Tex. 
App.—Austin 1999, pet. denied) (holding that arbitration awards are 
“entitled to great deference in a court of law lest disappointed litigants 
seek to overturn every unfavorable arbitration award in court”).
14.  
See Tex. Civ. Prac. & Rem. 
Code Ann. §§ 171.087, .088, .091.  The trial court must vacate an 
arbitration award if
  
(1) the award was obtained by corruption, fraud, or other undue means;
(2) 
the rights of a party were prejudiced by evident partiality by an arbitrator 
appointed as a neutral arbitrator, corruption in an arbitrator, or misconduct or 
wilful misbehavior of an arbitrator;
(3) 
the arbitrators exceeded their powers; refused to postpone the hearing after a 
showing of sufficient cause for the postponement, refused to hear evidence 
material to the controversy, or conducted the hearing contrary to the Act in a 
manner that substantially prejudiced a party’s rights; or
(4) 
there was no agreement to arbitrate.
  
Id. 
§ 171.088(a).
        The 
trial court must modify or correct an arbitration award if
   
(1) the award contains an evident miscalculation of numbers or an evident 
mistake in the description of a person, thing, or property referred to in the 
award;
(2) 
the arbitrators have made an award with respect to a matter not submitted to 
them and the award may be corrected without affecting the merits of the decision 
made with respect to the issues that were submitted; or
(3) 
the form of the award is imperfect in a manner not affecting the merits of the 
controversy.
    
Id. 
§ 171.091(a).
15.  
Id. § 171.090.
16.  
See Mariner Fin. Group, Inc. v. Bossley, 79 S.W.3d 30, 32-35 (Tex. 2002); 
Nuno v. Pulido, 946 S.W.2d 448, 452 (Tex. App.—Corpus Christi 1997, no 
writ).  An exception to this rule arises when the party seeking to confirm 
the arbitration award moves for summary judgment on the award rather than 
following the simple procedure authorized by the Act.  In that situation, 
summary judgment procedure and burdens of proof apply, even though the party 
seeking to avoid confirmation of the award has the ultimate burden of 
proof.  See Bossley, 79 S.W.3d at 32-35; Crossmark, 124 
S.W.3d at 430.  The exception does not apply here, however, because Bergh 
did not move for summary judgment; instead, he properly utilized the 
confirmation procedure provided in the Act.
17.  
Tex. Civ. Prac. & Rem. Code Ann. 
§§ 171.088(b), .091(b).
18.  
Id. § 171.088(b).
19.  
See id. § 171.093; Crossmark, 124 S.W.3d at 430.
20.  
Crossmark, 124 S.W.3d at 432 n.10; see also Tex. Civ. Prac. & Rem. Code Ann. 
§§ 171.043–.047, .082–.098 (setting out procedures governing arbitration 
proceedings and judicial review of same); Prudential Secs., Inc. v. Marshall, 
909 S.W.2d 896, 900 (Tex. 1995) (orig. proceeding) (stating that arbitration is 
an inexpensive, rapid alternative to traditional litigation procedures).
        Blumberg’s 
reliance on Bossley, supra note 16, and our opinion in J.D. 
Edwards World Solutions v. Estes, Inc., 91 S.W.3d 836, 840 (Tex. App.—Fort 
Worth 2002, pet. denied), is misplaced; neither supports his position that a 
summary judgment proceeding or a trial on the merits is required any time 
grounds for vacating or modifying the arbitration award are raised.  In 
fact, Estes applied the summary procedures authorized by the Act and the 
FAA to the trial court’s vacatur of an arbitration award and the appeal 
thereof.  See id. at 839-40.
21.  
See Teleometrics Int’l, Inc. v. Hall, 922 S.W.2d 189, 192 (Tex. 
App.—Houston [1st Dist.] 1995, writ denied); La. Nat. Gas Pipeline, Inc. v. 
Bludworth Bond Shipyard, Inc., 875 S.W.2d 458, 462 (Tex. App.—Houston [1st 
Dist.] 1994, writ denied) (both holding that 90-day period for seeking vacation, 
modification, or correction of arbitration award is limitations period after 
which party no longer has right to these remedies).  Blumberg’s grounds 
that were time-barred under the Act included his contention that there was no 
agreement to arbitrate and that the arbitrators mistakenly exceeded their 
authority or engaged in misconduct or wilful misbehavior.  See Tex. Civ. Prac. & Rem. Code Ann. § 
171.088(a)(2)-(4).
22.  
Although Blumberg relies on former sections 171.013–.014 of the Act for this 
proposition, those sections were recodified as sections 171.088 and 171.091, 
respectively, several years before both the arbitration proceeding and the 
December 2003 hearing.  See Act of May 24, 1995, 74th Leg., R.S., ch. 
588, § 1, secs. 171.013–.014, 1995 Tex. Gen. Laws 3402, 3407-08, revised 
by Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 5.01, secs. 171.088, 
.091, 1997 Tex. Gen. Laws 329, 334-335 (current version at Tex. Civ. Prac. & Rem. Code Ann. 
§§ 171.088, .091).
23.  
Tex. Civ. Prac. & Rem. Code Ann. 
§ 171.088(a)(1).  Blumberg’s grounds of misapplication of the law, 
estoppel, laches, waiver, and the nonoccurrence of a condition precedent are not 
recognized under the Act.  See Tex. Civ. Prac. & Rem. Code Ann. 
§§ 171.088, .090–.091.
24.  
See CVN Group, 95 S.W.3d at 238-39; Crossmark, 124 S.W.3d at 430 
n.6; Lee v. El Paso County, 965 S.W.2d 668, 673 (Tex. App.—El Paso 
1998, pet. denied); Nuno, 946 S.W.2d at 452.  The supreme court has 
recognized that a question exists regarding whether common-law grounds for 
refusing to confirm arbitration awards have been preempted by statutes governing 
arbitration, but has not decided that issue.  See CVN Group, 95 
S.W.3d at 237; see also Riha v. Smulcer, 843 S.W.2d 289, 292 (Tex. 
App.—Houston [14th Dist.] 1992, writ denied) (applying common-law grounds to 
arbitration award that was the result of common-law, not statutory, 
arbitration).  We do not reach the issue in this case, either, because it 
does not affect the final disposition of this appeal.  See Tex. R. App. P. 47.1.
25.  
See CVN Group, 95 S.W.3d at 239 (holding that arbitration award cannot be 
set aside on public policy grounds except in extraordinary case in which award 
clearly violates carefully articulated, fundamental policy).
26.  
The Tarrant County Bar Assocation’s fee arbitration rules provide,
  
In the event an attorney subject to these Rules . . . , following notice, fails 
or refuses to arbitrate a fee dispute when requested to do so by the Chairperson 
of the Committee, the Chairperson of the Committee shall notify the President of 
the Association and promptly refer the matter to the Office of the General 
Counsel of the State Bar of Texas for investigation as a potential grievance.
27.  
He provided no evidence of when “later” was.
28.  
Crossmark, 124 S.W.3d at 429; Anzilotti v. Gene D. Liggin, Inc., 
899 S.W.2d 264, 266 (Tex. App.—Houston [14th Dist.] 1995, no writ).
29.  
The arbitration award itself provides that “Daniel Blumberg and Daniel 
Blumberg & Associates shall pay the sum of $12,342.56 to David 
Bergh.”  A “mistake in the description of a person . . . referred to in 
the award” is a statutory ground for modifying or correcting the award.  Tex. Civ. Prac. & Rem. Code Ann. § 
171.091(a)(1)(B).  Blumberg acknowledges, however, that he did business 
“for some years” under the name “Blumberg & Associates.”
30.  
This is in essence an assertion that there was no agreement to arbitrate, which 
is a statutory ground for vacating the award.  Id. § 171.088(a)(4).
31.  
See id. §§ 171.088(b), .091(b).
32.  
We address Blumberg’s other arguments presented under issue three in our 
discussion of postarbitration interest.
33.  
See In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. 
proceeding) (holding that scope of discovery is largely within trial court's 
discretion).
34.  
See Henderson v. Dep’t of Pub. Safety & Corrections, 901 F.2d 1288, 
1293-94 (5th Cir. 1990); Veillon v. Expl. Servs., Inc., 876 F.2d 1197, 
1201-02 (5th Cir. 1989) (both discussing federal due process in context of 
federal rule 11 sanctions).
35.  
See Tex. R. App. P. 38.1(h) 
(providing that appellate arguments must be supported by appropriate citations 
to authorities).
36.  
The open courts provision provides, “All courts shall be open, and every 
person for an injury done him, in his lands, goods, person or reputation, shall 
have remedy by due course of law.”  Tex. Const. art. I, § 13.  The due 
course of law provision provides, “No citizen of this State shall be deprived 
of life, liberty, property, privileges or immunities, or in any manner 
disfranchised, except by the due course of the law of the land.”  Tex. Const. art. I, § 19.
37.  
Enron Corp. v. Spring ISD, 922 S.W.2d 931, 934 (Tex. 1996).
38.  
See Earle v. Ratliff, 998 S.W.2d 882, 889 (Tex. 1999); Sax v. Votteler, 
648 S.W.2d 661, 666 (Tex. 1983).
39.  
Univ. of Tex. Med. School at Houston v. Than, 901 S.W.2d 926, 929 (Tex. 
1995).
40.  
See Tex. R. Civ. P. 94.
41.  
Marshall, 909 S.W.2d at 900 (emphasis supplied).
42.  
See id.
43.  
See Tex. Fin. Code Ann. § 
304.003(a) (Vernon 2004-05); CVN Group, 95 S.W.3d at 238.
44.  
See Malley v. Law Office of Daniel W. Lowe, P.C., No. 05-00-01972-CV, 
2002 WL 746355, at *3 (Tex. App.—Dallas April 29, 2002, no pet.) (not 
designated for publication) (holding that Act does not authorize postaward 
interest); see also Tex. Civ. Prac. 
& Rem. Code Ann. § 171.092(b) (Vernon 2004-05) (only authorizing 
trial court to award costs when confirming arbitration award); Tex. Fin. Code Ann. § 304.101 (Vernon 
2004-05) (authorizing prejudgment interest only in wrongful death, personal 
injury, and property damage cases).
45.  
Tex. Fin. Code Ann. § 
304.002–.03 (Vernon 2004-05).
46.  
See, e.g., Tex. Civ. Prac. & 
Rem. Code Ann. § 171.041 (Vernon 2004-05) (setting out procedures for 
appointing arbitrators).
47.  
See id. § 171.091.
48.  
We decline to follow Kermacy v. First Unitarian Church of Austin, 361 
S.W.2d 734, 735-36 (Tex. Civ. App.—Austin 1962, writ ref’d n.r.e.).  
That case was decided before passage of the Act and, for the reasons stated 
herein, we disagree with its equation of an arbitration award with a judgment 
rendered by a court for purposes of postjudgment interest.
49.  
For these same reasons, we also sustain Blumberg’s argument in his third issue 
that the trial court erred by striking his special exception to Bergh’s 
petition, which complained that Bergh did not plead any facts that would entitle 
him to prejudgment interest.
50.  
See Tex. R. App. P. 45; Tex. Civ. Prac. & Rem. Code Ann. 
§§ 10.001–.005.
51.  
We have not addressed Blumberg’s remaining issues because, as he acknowledges, 
they are not briefed.  See Tex. 
R. App. P. 38.1(h); Fredonia State Bank v. Gen. Am. Life Ins. Co., 
881 S.W.2d 279, 284 (Tex. 1994).
52.  
See Tex. R. App. P. 
43.2(b).