FRANCIS H. SANSONE *vs.* METROPOLITAN PROPERTY &
LIABILITY INSURANCE COMPANY.

No. 90-P-357.

Middlesex. April 11, 1991. - June 12, 1991.

Present: WARNER, C.J., DREBEN, & IRELAND, JJ.

*Arbitration*, Award, Damages. *Interest.*

A judgment confirming an arbitration award correctly ordered interest to
be paid for the period between the award and payment; however, pre-
award interest was incorrectly ordered, where neither the arbitration
agreement or the arbitration award mentioned interest. [661-664]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 18, 1988.

The case was heard by *Katherine Liacos Izzo*, J.

*Douglas L. Fox* for the defendant.

*Jeffrey A. Gorlick* for the plaintiff.

DREBEN, J. This case raises the propriety of a judge's addi-
tion of pre-award interest to an arbitrator's award. We hold
that such an addition is improper and that interest runs only
from the date of the award.

The plaintiff was injured in a motor vehicle accident on
August 10, 1984. After receiving $110,000 from the opera-
tors' insurance carriers, he brought, on July 18, 1988, an ac-
tion in the Superior Court against the defendant seeking ar-
bitration of his claim for underinsurance benefits. By
agreement[1] the matter went to arbitration, and on May 19,
1989, the arbitrator awarded the plaintiff $33,000 "in addi-
tion to all other monies he has received to date." Neither the

---

[1]The agreement stated "whereas the Claimant and the Insurer are in
disagreement as to liability and/or damages for which the Insurer may be
liable," they agree that Paul G. Garrity shall act as the hearing officer,
and "his decision shall be binding upon the parties in all respects."

arbitration agreement nor the award mentioned interest.[2] The award was paid on June 1, 1989.

Thereafter, on June 21, 1989, the plaintiff filed a motion in the Superior Court to confirm the award and to enter judgment with costs and with interest from July 18, 1988, the date of the filing of the complaint seeking appointment of an arbitrator. A judgment entered confirming the award, allowing interest from July 18, 1988, to June 1, 1989, the date the award was paid, and also allowing costs except for the plaintiff's portion of the arbitrator's fee.

In this appeal the defendant challenges the portion of the judgment which awards interest. There are two periods involved: the pre-award period, July 18, 1988 - May 18, 1989, and the period between the award and payment, May 19, 1989, to June 1, 1989. The motion judge, relying on G. L. c. 251, § 14,[3] and G. L. c. 231, § 6C,[4] confirmed the award and ordered contractual interest to be paid for both periods.

1. *Pre-award interest.* As pointed out in *Blue Hills Regional Dist. Sch. Comm.* v. *Flight*, 10 Mass. App. Ct. 459, 472 (1980), *S.C.*, 383 Mass. 642 (1981):

> "Provisions of law applicable to judicial actions and proceedings do not necessarily apply to arbitrations. Parties who submit their controversies to arbitration

---

[2]The record contains a letter addressed to the parties from the arbitrator in response to the defendant's request, subsequent to the award, for a supplemental finding. In the letter, the arbitrator wrote that "it is not the intent of the Arbitration Agreement that costs and interest be awarded by a court unless the parties have so agreed." We decline to look to an explanation of the award on the basis of matters not contained in the record of the arbitration proceedings. See *Glenn* v. *Aiken*, 409 Mass. 699, 703 (1991).

[3]Section 14, as appearing in St. 1960, c. 374, § 1, provides in relevant part: "Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree."

[4]Section 6C, as appearing in St. 1982, c. 183, § 3, in part, provides: "In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand."

forgo those provisions and leave all questions of law and fact to the arbitrators. The right to interest involves questions of fact and law that are within the purview of the arbitrators."[5] See *Penco Fabrics, Inc.* v. *Bogopulsky*, 1 A.D.2d 659 (N.Y. 1955).

In the *Blue Hills* case we held that an arbitrator's award of interest "is not subject to the statutory provisions which apply to court awarded interest on contract claims." *Ibid.* In *Coughlan Constr. Co.* v. *Rockport*, 23 Mass. App. Ct. 994, 997 (1987), citing the *Blue Hills* case, we rejected the plaintiff's claim to pre-award interest under G. L. c. 231, § 6C, where an arbitrator's award for damages under a contract made no award of interest.

There is sound reason for differentiating between arbitration awards and judicial proceedings with respect to interest:

> "The parties selected arbitrators, rather than a court, as the body that would, in the first instance, determine the amount due. This they had a right to do; this the law encourages them to do. It should be the rule, rather than the exception, that when arbitrators hand down an award the parties will comply with it, *without the necessity of court proceedings*, just as it is (or should be) the normal or usual result that parties comply with a judgment, without the necessity of resort to process or appeal." (Emphasis supplied.) *Lundgren* v. *Freeman*, 307 F. 2d 104, 112 (9th Cir. 1962).[6]

If the silence of an arbitrator's award as to interest entitles the party obtaining a monetary award to claim interest under the interest provisions of G. L. c. 231, §§ 6B, 6C, or 6H, by

---

[5]In *Trustees of the Boston & Maine Corp.* v. *Massachusetts Bay Transp. Authy.*, 367 Mass. 57, 63, see also 61 (1975), cited by the plaintiff, the question of interest was not within the scope of the submission to the arbitrator.

[6]This point of *Lundgren* was cited by the Supreme Judicial Court in *Watertown Firefighters, Local 1347* v. *Watertown*, 376 Mass. 706, 718 n.23 (1978), and in *Marlborough Firefighters, Local 1714* v. *Marlborough*, 375 Mass. 593, 601 n.7 (1978).

coming into court to confirm an award — in this case one already paid — the purpose of avoiding court proceedings is vitiated. That important purpose is better served by considering, in the absence of an explicit agreement to the contrary, pre-award damage claims, including interest, to have been submitted to arbitration.

Authority elsewhere supports our view that pre-award interest should not be ordered by a court. See, e.g., *Creative Builders, Inc.* v. *Avenue Devs., Inc.*, 148 Ariz. 452, 456 (Ct. App. 1986); *Wanschura* v. *Western Natl. Mut. Ins. Co.*, 389 N.W.2d 927, 928 (Minn. Ct. App. 1986); *Rivers* v. *General Acc. Group*, 192 N.J. Super. 355, 359-360 (App. Div. 1983); *Penco Fabrics, Inc.* v. *Bogopulsky*, 1 A.D.2d at 659; *Paola* v. *Commerical Union Assur. Co.*, 461 A.2d 935, 937 (R.I. 1983); *Kermacy* v. *First Unitarian Church*, 361 S.W.2d 734, 735 (Tex. Civ. App. 1962); *R.E. Bean Constr. Co.* v. *Middlebury Assoc.*, 139 Vt. 200, 213 (1980); Eager, The Arbitration Contract and Proceedings § 132 (1971). Contra *Waldrop* v. *Rodery*, 34 Mich. App. 1, 5-6 (1971), a case criticized in a concurring opinion in *Old Orchard By The Bay Assocs.* v. *Hamilton Mut. Ins. Co.*, 434 Mich. 244, 270 & n.9 (1990) (Levin, J., concurring).

2. *Post-award interest.* To encourage "swift obedience" to the award without the necessity of court proceedings, the rule in Massachusetts is that post-award interest runs from the date of the award.[7] *Watertown Firefighters, Local 1347* v. *Watertown*, 376 Mass. 706, 717-719 (1978). *Coughlan Constr. Co.* v. *Rockport*, 23 Mass. App. Ct. at 998. See also *Marlborough Firefighters, Local 1714* v. *Marlborough*, 375 Mass. 593, 601 n.7 (1978), and *Reilly* v. *Local 589, Amalgamated Transit Union*, 22 Mass. App. Ct. 558, 577 (1986), comparing *Glenn Acres, Inc.* v. *Cliffwood Corp.*, 353 Mass. 150, 156 (1967).

---

[7]This is also true elsewhere. See, e.g., *Creative Builders, Inc.* v. *Avenue Devs., Inc.*, 148 Ariz. 452, 457 (Ct. App. 1986); *Rivers* v. *General Acc. Group*, 192 N.J. Super. 355, 359 (App. Div. 1983); *Kermacy* v. *First Unitarian Church*, 361 S.W.2d 734, 735 (Tex. Civ. App. 1962); *R.E. Bean Constr. Co.* v. *Middlebury Assoc.*, 139 Vt. 200, 213 (1980).

Accordingly, the judgment entered on October 31, 1989, is modified by striking all provision for interest other than that applicable to the post-award period, May 19, 1989, to June 1, 1989, the date the award was paid; and, as so modified, the judgment is affirmed.

*So ordered.*