## NORA DIAZ vs. BRUNA A. CRUZ & others.[1]

No. 09-P-286.

Suffolk. November 4, 2009. - May 21, 2010.

Present: KANTROWITZ, DREBEN, & RUBIN, JJ.

*Arbitration,* Award, Confirmation of award, Damages. *Interest.*

A Superior Court judge, in confirming an arbitrator's award that was silent as to preaward interest, erred in granting preaward interest, where, although the court had jurisdiction to hear the motion to confirm the award (given that the award had not been fully satisfied by the payment of postaward interest), the court was not authorized to reconsider the merits of the arbitrator's award, regardless of whether the arbitrator erroneously concluded that he lacked authority to grant preaward interest or erroneously declined to award such interest; further, even otherwise assuming the arbitrator left the question whether to award preaward interest for the court to decide after issuance of the award, the arbitrator was required to at least state that conclusion in his award before the plaintiff could seek such interest in a court. [774-775]

CIVIL ACTION commenced in the Superior Court Department on November 4, 2003.

The case was heard by *Christopher J. Muse*, J.

*John D. Curran* for Bruna A. Cruz.

*George F. Leahy* for the plaintiff.

RUBIN, J. This case began as a negligence action in the Suffolk Superior Court. A jury trial resulted in a verdict for the defendant, but the judge granted a new trial. On the eve of retrial, the parties entered an agreement for binding arbitration. That agreement was silent with respect to preaward interest should the defendant be found liable in arbitration which it was. ·At argument before us, counsel for both parties agreed that the plaintiff orally asked the arbitrator to award preaward interest

---

[1]Commerce Insurance Company and Safety Insurance Company; neither insurance company has pursued an appeal.

should the defendant, Bruna A. Cruz, be found liable. The arbitrator's award did not provide for, or address the question of, such interest. After the award issued, the plaintiff brought a motion to confirm the arbitration award in the Superior Court that sought not only confirmation of the award, but also sought preaward interest under G. L. c. 231, § 6B.

The judge confirmed the arbitrator's award, and ordered that the defendant pay preaward interest. Cruz now appeals, arguing that the court lacked jurisdiction to enter the confirmation of the award because the award had been fully satisfied and that, even if the court had jurisdiction, the judge erred in granting preaward interest.

To begin with, the court had jurisdiction to hear the motion to confirm. The award included postaward interest. Cruz's insurer, Commerce Insurance Company, had not yet paid what Cruz herself now calls "additional payment of the per diem [postaward] interest which was inadvertently not paid." All agree this postaward interest was due. Because the award had not been fully satisfied, there remained an "actual controvers[y]" between the parties, and the court had jurisdiction to hear the action seeking confirmation and authority to enter an order of confirmation reducing the award to a judgment. *Murphy* v. *National Union Fire Ins. Co.*, 438 Mass. 529, 533 (2003).

The judge erred however in granting preaward interest. In *Sansone* v. *Metropolitan Property & Liab. Ins. Co.*, 30 Mass. App. Ct. 660, 663 (1991), we concluded that, as a matter of law, "in the absence of an explicit agreement to the contrary, pre-award damage claims, including interest," under, inter alia, § 6B, must be considered "to have been submitted to arbitration." The plaintiff has provided no support for the proposition that binding arbitration agreements negotiated between counsel and entered into in settlement of tort actions should be read more narrowly in this regard than mandatory arbitration provisions found in contracts alleged to have been breached.

As we have described, the award itself is also silent as to preaward interest, and neither party sought clarification from the arbitrator as to why such interest was not granted. There are three possible reasons for the arbitrator's award that might be favorable to the plaintiff. First, it is possible that the arbitrator mistakenly failed to conclude that, under *Sansone*, he had author-

ity to grant preaward interest. Second, it is possible that he recognized his authority to grant such interest, but (we may assume arguendo without deciding) erroneously declined to award such interest. Finally, it is possible that despite the general rule announced in *Sansone*, he construed this particular arbitration agreement not to provide him with that authority, but to have left that question for the court to decide after issuance of the award.

Because the arbitrator's award was silent with respect to preaward interest, however, none of these three circumstances would alter the result here. As to the first two, it is well established that the courts are not authorized to reconsider the merits of an arbitrator's award even if it is wrong on the facts and the law. *School Dist. of Beverly* v. *Geller*, 435 Mass. 223, 228 (2001). Whether we assume the arbitrator thought the law was the opposite of what we decided in *Sansone*, or by hypothesis erroneously declined to grant preaward interest on the facts of this case, the judge lacked authority to alter the award by assessing preaward interest.[2]

As to the third possibility, even assuming the arbitrator has the power, despite *Sansone*, to construe a silent arbitration agreement to leave for the court the power to award preaward interest, *Sansone* holds that the arbitrator must at the least state that conclusion in the award before the plaintiff can seek prejudgment interest in a court. See *Sansone* v. *Metropolitan Prop. & Liab. Ins. Co.*, *supra* at 662-663. A silent award will not suffice. "If the silence of an arbitrator's award as to interest entitles the party obtaining a monetary award to claim interest under the interest provisions of G. L. c. 231, §§ 6B, 6C, or 6H, by coming into court to confirm an award . . . the purpose of avoiding court proceedings is vitiated." *Ibid.*

So much of the judgment as awards preaward interest is reversed, and the remainder of the judgment is affirmed.[3]

*So ordered.*

---

[2]Of course, among other things, it is also possible that the arbitrator considered and appropriately rejected on the merits the claim for preaward interest. Again, we express no opinion on the question of whether on the merits before the arbitrator preaward interest should have been entered.

[3]The requests by the plaintiff and Cruz for costs, damages, and sanctions are denied.