DIANE P. BOLMAN, executrix,[1] *vs.* PLYMOUTH ROCK
ASSURANCE CORPORATION.

No. 11-P-237.

Essex. November 1, 2011. - July 12, 2012.

Present: TRAINOR, MILKEY, & AGNES, JJ.

*Arbitration,* Award, Confirmation of award, Discretion of arbitrator, Insurance,
Judicial review, Scope of arbitration. *Contract,* Arbitration, Insurance.
*Insurance,* Arbitration, Interest, Motor vehicle insurance, Underinsured
motorist. *Jurisdiction,* Arbitration. *Motor Vehicle,* Insurance. *Interest.*
*Damages,* Interest. *Judgment,* Interest. *Practice, Civil,* Interest.

Discussion of the statutory requirement that disputes as to the amount of dam-
ages owed under uninsured and underinsured motorist insurance coverage
be submitted to arbitration. [137-139]
This court concluded that in the circumstances of a civil action brought in the
Superior Court to confirm an arbitration award, in which the arbitrator, act-
ing within his discretion, reserved to a judge the issue of an award of inter-
est, the plaintiff was entitled to both the addition of preaward interest,
added from the filing date of her application to compel arbitration and
calculated on the arbitrator's net award, as well as postaward interest,
calculated on the amount of net damages awarded, plus the addition of
preaward interest. [139-143]

CIVIL ACTION commenced in the Superior Court Department on
December 31, 2007.

A motion to confirm an arbitration award was heard by *Nancy
Holtz,* J., and corrected judgment was entered by *Richard E.
Welch, III,* J.

*Lori A. Cianciulli* for the plaintiff.

*Christopher J. O'Rourke* for the defendant.

*Andrew M. Abraham & J. Michael Conley,* for Massachusetts
Academy of Trial Attorneys, amicus curiae, submitted a brief.

TRAINOR, J. This is an appeal from a corrected judgment of

[1]Of the estate of Natalie S. Parker.

the Superior Court confirming an award following the arbitration of a claim by the plaintiff, Diane P. Bolman, as executrix of the estate of Natalie S. Parker, for damages against the defendant, Plymouth Rock Assurance Corporation (Plymouth Rock). The claim sought underinsured motorist benefits pursuant to a Massachusetts automobile insurance policy (the Plymouth Rock policy) issued to Parker.

*Background.* The claim arises out of a motor vehicle accident that occurred on January 4, 2002, which resulted in serious injuries to Parker. Before her death on June 9, 2003, Parker reached a settlement agreement with the tortfeasor's insurer, Liberty Mutual Insurance Company (Liberty Mutual), for $100,000, the bodily injury per person liability coverage limit. Parker herself was insured under the Plymouth Rock policy. After Parker's death, the plaintiff, as executrix of Parker's estate, brought an underinsured motorist benefits claim against Plymouth Rock to recover the excess damages which Parker had sustained in the accident.

After making a demand upon Plymouth Rock for payment of first party underinsurance benefits, the parties were unable to agree on the amount of damages sustained by Parker and her estate. As a result, the plaintiff filed an application to compel arbitration in the Superior Court on December 31, 2007. The dispute was arbitrated, on March 18 and 29, 2010, to determine the total damages exclusive of interest and offsets. There was no written arbitration agreement between the parties beyond the Plymouth Rock policy, nor was there a written submission of issues to the arbitrator.

On May 7, 2010, the arbitrator issued a decision awarding the plaintiff $150,000 in gross damages. The parties agreed that they would resolve among themselves any offsets from the amount of gross damages. The arbitrator also wrote in the final paragraph of his decision: "The parties further agree that any question of interest will be determined by the court." Though the parties disagree on the exact nature of the agreement referenced by the arbitrator, there is no evidence on the record of the intent of the parties regarding interest beyond the text of the arbitrator's decision. A plain reading of the arbitrator's decision indicates that the interest issue was reserved to a Superior Court judge.

On or about May 27, 2010, Plymouth Rock tendered a check to Parker's estate in the amount of $42,000, after deducting $108,000 from the arbitrator's gross award to account for Parker's receipt of $100,000 as payment for bodily injury from Liberty Mutual, as well as $8,000 as payment under the personal injury protection (PIP) provision in the Plymouth Rock policy. The plaintiff does not dispute the amounts deducted, but contends that deductions or offsets are not appropriately made until after the addition of preaward interest to the arbitrator's award of gross damages.[2]

Following the arbitrator's decision, the plaintiff filed a motion to confirm the arbitrator's award, seeking postaward interest as well as preaward interest from December 31, 2007, the date of the filing of the application to compel arbitration, through May 7, 2010, the date of the gross damages award. The plaintiff also sought to have preaward and postaward interest calculated on the $150,000 gross award. Plymouth Rock opposed the motion on the grounds that the plaintiff is not entitled to preaward interest and that any interest awarded should be calculated on the $42,000 net award.

In a corrected judgment entered on January 20, 2011, a Superior Court judge confirmed the $150,000 gross award, but ordered it reduced to $42,000 as a result of the offsets. The judge awarded postaward interest calculated on the net award of $42,000, and declined to award preaward interest.

The plaintiff now appeals. She does not dispute the $42,000 net award, but argues that she is entitled to preaward interest, and that such interest should be calculated on the gross award of $150,000.

*Discussion.* Massachusetts law authorizes two types of arbitra-

---

[2]The phrases "preaward interest" and "prejudgment interest" have at times been used interchangeably by this court and others. They can, however, properly be distinguished by the nature of the tribunal that originally issued the damages award in question. That is, "preaward interest" is more appropriate when, as here, an arbitrator has issued the award, and "prejudgment interest" is more suitable when a judge has done so. For this reason we use the "preaward" and "postaward" modifiers in this opinion. A few instances of the phrase "prejudgment" and "postjudgment" do remain in our citations to other cases, where the proposition of law cited also applies to preaward and postaward interest.

tion agreements: (1) a written agreement to submit an existing controversy to arbitration, and (2) a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties.[3] G. L. c. 251, § 1. See *Chase Commercial Corp.* v. *Owen*, 32 Mass. App. Ct. 248, 252 (1992). The agreement at issue in this case is of the second type. Such an agreement is regarded as valid and enforceable, and is subject to the same rules of law and equity for the revocation of any contract. *Ibid.*

General Laws c. 175, § 113L, provides the requirements for uninsured and underinsured motorist coverage. See G. L. c. 175, § 113L(1), (2) & (4); *Cardin* v. *Royal Ins. Co. of America*, 394 Mass. 450, 452 (1985); *Chenard* v. *Commerce Ins. Co.*, 56 Mass. App. Ct. 576, 579-582 (2002), *S.C.*, 440 Mass. 444 (2003). Generally, § 113L addresses the provision of compensation due an injured party in the absence or insufficiency of the insurance carried by the person legally responsible for the injury. See *Amica Mut. Ins. Co.* v. *Bagley*, 28 Mass. App. Ct. 85, 88 (1989). Under the Plymouth Rock policy, as required by G. L. c. 175, § 111D, when the insurer and the insured cannot agree after an injury on the amount of damages owed, the issue shall be submitted to arbitration.[4]

We must decide five issues. First, whether preaward interest is authorized by the Plymouth Rock policy and by Massachusetts law as part of the arbitration award. Second, whether the interest issue can be reserved by the parties and the arbitrator for determination by a Superior Court judge. Third, if the interest issue is properly before us, whether preaward interest should have been awarded. Fourth, whether the postaward interest and preaward interest, if any, should be calculated on the amount of gross damages as determined by the arbitrator, or on the amount

---

[3]A third form of arbitration, not relevant here, arises from G. L. c. 71, § 42, which authorizes a teacher with professional status to seek arbitral review of a decision to terminate the teacher's employment. See *School Comm. of Lowell* v. *Robishaw*, 456 Mass. 653, 660 (2010).

[4]The Plymouth Rock policy states with regard to the "amount of damages," that "[a]rbitration will be used if no agreement can be reached." Both the Massachusetts statute and the Plymouth Rock policy declare that in such cases the arbitrator will determine what damages the insured "is legally entitled to recover." G. L. c. 175, § 111D, inserted by St. 1959, c. 438, § 2.

of net damages as determined by the judge. Fifth, whether post-award interest should be calculated on the net award alone, or on the net award plus preaward interest, if any.

1. *Preaward interest.* The Supreme Judicial Court has held that "the entitlement of a party to preaward interest is a decision that is within the purview of the arbitrators." *Connecticut Valley Sanitary Waste Disposal, Inc.* v. *Zielinski*, 436 Mass. 263, 271 (2002). Generally, preaward interest "compensates the prevailing party for loss of the use of money that party, as determined by the judgment, should have had in the first place and not been obliged to chase. In that way compensatory damages are truly compensatory and, in monetary terms, the winner is no less well off for the chase." *City Coal Co. of Springfield* v. *Noonan*, 434 Mass. 709, 716 (2001), quoting from *Makino, U.S.A., Inc.* v. *Metlife Capital Credit Corp.*, 25 Mass. App. Ct. 302, 320-321 (1987).

Preaward interest clearly is permitted by our case law, and such interest can be part of the damages a plaintiff "is legally entitled to recover" under G. L. c. 175, § 111D, inserted by St. 1959, c. 438, § 2.

2. *Reservation of interest issue.* Having determined that preaward interest can be awarded to a plaintiff in the arbitration of an underinsurance benefits claim, we turn to the issue whether the interest issue can be reserved for consideration by a Superior Court judge.

Generally, in a proceeding to confirm an arbitration award, a judge may not alter an arbitrator's decision that allows, denies, or fails to mention preaward interest. See *Reilly* v. *Metropolitan Property & Liab. Ins. Co.*, 412 Mass. 1006, 1007 (1992); *Blue Hills Regional Dist. Sch. Comm.* v. *Flight*, 10 Mass. App. Ct. 459, 472-473 (1980); *S.C.*, 383 Mass. 642 (1981); *Sansone* v. *Metropolitan Property & Liab. Ins. Co.*, 30 Mass. App. Ct. 660, 661-663 (1991); *Beals* v. *Commercial Union Ins. Co.*, 61 Mass. App. Ct. 189, 192 (2004); *Diaz* v. *Cruz*, 76 Mass. App. Ct. 773, 775 (2010).

In *Sansone*, we vacated the addition of preaward interest by a Superior Court judge. We concluded that the fundamental purpose of arbitration is to "avoid[] court proceedings" and is better "served by considering, *in the absence of an explicit agreement*

*to the contrary*, pre-award damage claims, including interest, to have been submitted to arbitration" (emphasis supplied).[5] *Sansone, supra* at 663-664. In *Diaz*, we discussed the possibility of an arbitrator intending to "leave for the court the power to award preaward interest," and we concluded that to do so the "arbitrator *must at least state that conclusion in the award* before the plaintiff can seek prejudgment interest in a court" (emphasis supplied). *Diaz, supra.* Our cases suggest that the issue of preaward interest properly may be reserved to a reviewing court, under certain circumstances.

In this case, unlike in *Sansone* and *Diaz*, the arbitrator's award was not silent on the issue of preaward interest, but made reference to an explicit agreement that the issue would not be submitted to the arbitrator and that "[t]he parties . . . agree that any question of interest will be determined by the court." There is no written arbitration agreement,[6] but a plain reading of the arbitrator's decision indicates that the parties unambiguously[7] intended to limit the scope of the arbitration to the determination of gross damages.[8] The arbitrator was within his discretion to so limit his decision.[9]

Notwithstanding our discussions in *Sansone* and *Diaz*, the

---

[5]In *Sansone, supra* at 660-661, "neither the arbitration agreement nor the award mentioned interest."

[6]Such a submission is not required for an award to be enforceable. See *Mugnano-Bornstein* v. *Crowell*, 42 Mass. App. Ct. 347, 353 (1997) ("[W]e are not aware of any rule that requires an arbitration agreement to contain a list of the specific claims or causes of action which are subject to arbitration in order to be enforceable").

[7]Courts must resolve "all ambiguity of authority . . . in favor of coverage [or submission to the arbitrator]." *Cape Cod Gas Co.* v. *United Steelworkers of America, Local 13507*, 3 Mass. App. Ct. 258, 264 (1975).

[8]Although the parties offer in their briefs different reasons why they agreed to reserve the issue of interest, we decline to look outside the record of the arbitration proceedings for an explanation of the terms of the award. Cf. *Glenn* v. *Aiken*, 409 Mass. 699, 703 (1991). We do note that Plymouth Rock did not seek any clarification, modification, or limitation of the arbitration award, once it was issued, seeking to challenge the statement that the interest issue had been reserved. This behavior comports with the plain language of the arbitrator's decision.

[9]See *Massachusetts Hy. Dept.* v. *Perini Corp.*, 79 Mass. App. Ct. 430, 443 (2011) (arbitrators "have substantial discretion to determine the scope of their contractual authority to fashion remedies"), quoting *Superadio Ltd. Partnership* v. *Winstar Radio Prods., LLC*, 446 Mass. 330, 339 (2006).

precise question whether preaward interest can be reserved for a Superior Court judge appears to be one of first impression in Massachusetts. A number of other jurisdictions have affirmed a court's ability to award preaward interest if the issue has been reserved in the text of an arbitrator's decision. The North Carolina Court of Appeals held that a judge may add preaward interest to an arbitration award where the arbitration panel explicitly chose to defer the issue to the judge. See *Hamby* v. *Williams*, 196 N.C. App. 733, 738 (2009). In Minnesota, "in the absence of [a] statute precluding it, parties by contract may delineate issues to be submitted to arbitration . . . and . . . in certain instances, . . . important legal issues may remain unresolved unless parties are permitted to reserve them from arbitration for later determination in the judicial system." *Lucas* v. *American Family Mut. Ins. Co.*, 403 N.W.2d 646, 647-648, 650-651 (Minn. 1987) (parties properly had reserved issue of preaward interest, but preaward interest denied because statute governing interest on contract judgments did not apply to arbitration awards). Accord *Waterside Ocean Nav. Co.* v. *International Nav. Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984) ("presumption in favor of pre-judgment interest" on arbitration awards); *Service Employees Intl. Union, Local 32BJ* v. *Stone Park Assocs., LLC*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) ("decision whether to grant prejudgment interest in arbitration confirmations is left to the discretion of the district court"). Additionally, we can find no jurisdiction in which parties to an arbitration, either generally or in the context of an underinsurance claim, are prohibited entirely from reserving the issue of preaward interest to a reviewing court.

Our conclusion also is supported by prior holdings of this court suggesting the possibility of such a reservation[10] and the fact that neither party sought to clarify, modify, or limit the reservation prior to the confirmation by the judge. We conclude that the issue of preaward interest properly was reserved because the reservation unambiguously was agreed to by the parties and the arbitrator.

3. *Whether preaward interest should be awarded.* The judge ruled that postaward interest would enter on the net, postoffsets

---

[10]See, e.g., *Diaz*, 76 Mass. App. Ct. at 775.

amount of $42,000, and that preaward interest would not be added. Our review of a judge's decision to confirm an arbitration award is de novo because "we have before us the same record as the judge." *Massachusetts Hy. Dept.* v. *Perini Corp.*, 79 Mass. App. Ct. 430, 436 (2011), citing *Cybulski* v. *Vaiani*, 75 Mass. App. Ct. 382, 384 (2009).

A claim for underinsurance benefits properly is considered to be a contract action. See *Berkshire Mut. Ins. Co.* v. *Burbank*, 422 Mass. 659, 660 (1996), quoting from *Royal-Globe Ins. Co.* v. *Craven*, 411 Mass. 629, 638 (1992) ("The basis of an insurer's obligation to pay underinsured motorist benefits 'is not its actions resulting in personal injury but, rather, its contractual promise to indemnify against such injury' "); *Kahn* v. *Royal Ins. Co.*, 429 Mass. 572, 575 (1999) (referring to claim for underinsurance benefits as "contract action"). In contract actions, interest automatically is added to damages "at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand." G. L. c. 231, § 6C, as appearing in St. 1982, c. 183, § 3. Furthermore, "[i]f the date of the breach or demand is not established, interest shall be added . . . at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action."[11] *Ibid.*

In her motion to confirm the award, the plaintiff properly requested that preaward interest be added from the filing date of her application to compel arbitration. We see no reason why preaward interest should not be added to the arbitrator's award in these circumstances as part of the damages the plaintiff "is legally entitled to recover" under G. L. c. 175, § 111D, inserted by St. 1959, c. 438, § 2. It is worth reiterating that any determination that preaward interest shall be added to the net award of damages is a determination applicable only in circumstances where the interest issue has been reserved, as here. Had the issue not been reserved, the determination made by the arbitrator, including silence on the issue, would not be reviewable, either here or below.

---

[11]Prejudgment interest of twelve percent per annum also is automatically awarded in "any action in which damages are awarded," but for which interest otherwise is not provided. G. L. c. 231, § 6H, inserted by St. 1983, c. 652, § 1.

4. *Calculation of preaward interest on net or gross damages.* The purpose of statutory preaward interest is to compensate the injured party for the loss of use of her money. See *McEvoy Travel Bureau, Inc.* v. *Norton Co.*, 408 Mass. 704, 717 (1990); *Anastos* v. *Sable*, 443 Mass. 146, 155-156 (2004). In this case, before the plaintiff filed the application to compel arbitration, Parker had received partial compensation in the form of two prior recoveries: the $100,000 bodily injury recovery from Liberty Mutual and the PIP recovery of $8,000. Neither Parker nor her estate was denied the use of the $108,000 previously collected, and therefore the preaward interest should be calculated on the net, postoffsets award of $42,000.

5. *Postaward interest.* "[P]ostaward interest on an arbitral award is calculated on the entire amount of the award, which includes both the principal and interest." *Connecticut Valley Sanitary Waste Disposal, Inc.*, 436 Mass. at 271. The postaward interest awarded by the judge therefore shall be recalculated based on the amount of net damages awarded, plus the addition of preaward interest.

So much of the corrected judgment as denies preaward interest is reversed and the case is remanded for calculation of such preaward interest on the net award of $42,000. In addition, so much of the corrected judgment as calculates postaward interest is vacated, and postaward interest shall be recalculated on the amount of the net award of $42,000 plus preaward interest. In all other respects, the corrected judgment is affirmed.

*So ordered.*