NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReportersjc.state.ma.us

17-P-184                                    Appeals Court

CENTRAL CEILINGS, INC. vs. SUFFOLK CONSTRUCTION COMPANY, INC., & others.[1]


No. 17-P-184.

Suffolk.      January 10, 2018. - May 9, 2018.

Present:  Blake, Neyman, & Ditkoff, JJ.


Arbitration, Award, Discretion of arbitrator, Scope of
     arbitration, Confirmation of award, Judicial review,
     Attorney's fees.  Contract, Arbitration.  Practice, Civil,
     Interest, Attorney's fees.



     Civil action commenced in the Superior Court Department on January 31, 2008.

     A motion to confirm an arbitration award was heard by Peter M. Lauriat, J., and a motion to correct and confirm as corrected or to vacate an arbitration award was heard by Linda E. Giles, J.


     Paul R. Mordarski (Margaret Capp also present) for the plaintiff.
     Joel Lewin (John P. Connelly also present) for the defendants.

_____

     [1] Fidelity and Deposit Company of Maryland, Safeco Insurance Company of America, and XL Specialty Insurance Company.

DITKOFF, J.  The parties submitted a construction dispute, pending in litigation in the Superior Court, to arbitration under the Uniform Arbitration Act, G. L. c. 251, §§ 1 et seq. The arbitrator issued a substantial award in favor of the plaintiff, Central Ceilings, Inc., but purported to reserve the calculation of preaward interest to a Superior Court judge.  The parties did not agree to this reservation.  On the plaintiff's motion to confirm the arbitration award, the judge (remanding judge) remanded the matter to the arbitrator for the calculation of preaward interest.  After the arbitrator awarded preaward interest well below that requested by the plaintiff, the plaintiff moved to correct or to vacate that award.  The plaintiff now appeals from the order denying that motion. Concluding that an arbitrator may not reserve the calculation of preaward interest for a judge without the agreement of the parties, and finding no error in the failure to award attorney's fees, we affirm.

1.  Background.  The plaintiff was a subcontractor to defendant Suffolk Construction Company, Inc. (Suffolk), the general contractor, in a project for the renovation and construction converting the old Charles Street jail in Boston

into the Liberty Hotel.[2]  On January 31, 2008, the plaintiff commenced an action in Superior Court against the defendants, raising various claims arising out of its subcontract with Suffolk.  After discovery and pretrial proceedings, the parties filed a joint motion to stay the case in favor of resolving the dispute through arbitration.  On October 8, 2013, the parties entered into an arbitration agreement governed by the Uniform Arbitration Act, G. L. c. 251, §§ 1 et seq., expressly incorporating the Construction Industry Arbitration Rules of the American Arbitration Association.  The arbitration agreement reached "all relevant issues appertaining" to the civil lawsuit and granted the arbitrator "full power and authority to award money damages and to grant such other relief, including without limitation reasonable attorney's fees and any other contractually authorized damages as he, in his sole discretion, shall deem just and proper" "[t]o the same extent as if he were a justice of the Massachusetts Superior Court."  A judge allowed the motion and stayed the case during the pendency of the arbitration.

---

[2] The remaining defendants, Fidelity and Deposit Company of Maryland, Safeco Insurance Company of America, and XL Specialty Insurance Company, are the joint sureties on the payment bond covering the project.

After extensive arbitration proceedings, the arbitrator issued an initial award on the merits in favor of the plaintiff in a decision dated February 20, 2015, in the amount of $1,324,819.24, "with interest thereon in the amount ultimately assessed by the Court," plus attorney's fees and costs as set out in the subcontract between the parties.[3]

The parties filed timely cross motions with the arbitrator requesting modification, correction, and clarification of the initial award. The arbitrator denied the defendants' motion and allowed the plaintiff's motion. The modified award, dated April 6, 2015, changed the award only to require an additional interest calculation. It continued to reserve the task of calculating interest on the $1,324,819.24 award to a judge, but also required that judge to calculate interest on a payment of $402,852 already made by Suffolk shortly after the parties agreed to arbitration and prior to any award.

On April 15, 2015, the defendants moved in Superior Court to vacate the arbitrator's award. The defendants soon reconsidered, paid the modified award plus postaward interest on June 24, 2015, and then withdrew their motion to vacate.

---

[3] The arbitrator also stated, "Should the parties fail to agree upon the amount due for attorney's fees and costs, the matter shall be submitted for determination by the Arbitrator pursuant to" the subcontract between the parties.

Meanwhile, the parties were unable to agree on the attorney's fees and costs owed to the plaintiff.  The arbitrator awarded attorney's fees and costs on July 20, 2015, which Suffolk paid within one month.

The parties, however, continued to dispute the issue of preaward (as opposed to postaward) interest, as neither the initial nor the modified award expressly stated that the interest to be calculated by a judge included preaward interest.  The plaintiff maintained that the arbitrator either explicitly or implicitly awarded preaward interest from the commencement of the suit at the statutory rate of twelve percent, see G. L. c. 231, § 6C, and that the judge had the duty to calculate that interest.  The defendants, in turn, asserted that only the arbitrator could calculate preaward interest.

On October 26, 2015, the plaintiff moved to confirm the modified award under G. L. c. 251, §§ 11, 14, 15, and to enter judgment against the defendants for the disputed preaward interest in the amount of $1,563,763.58 plus an additional $500.46 for every day after September 16 to the date of judgment.  The defendants, conversely, asserted that the preaward interest had been submitted to the arbitrator and thus no additional preaward recovery was permissible.

After a hearing, the remanding judge concluded that, although the arbitrator implicitly awarded preaward interest,

the lack of any explicit agreement between the parties on the issue precluded its reservation for a judge. Accordingly, the remanding judge remanded the matter to the arbitrator pursuant to G. L. c. 251, §§ 9, 13, for the calculation of preaward interest.

On remand, the arbitrator explained that he had "mistakenly believed" that he lacked the authority to calculate the preaward interest. The arbitrator acceded to the remanding judge's order and issued a postremand clarification dated August 9, 2016. The arbitrator awarded the plaintiff $287,036 in preaward interest, declining to adopt the statutory interest rate under G. L. c. 231, § 6C. Citing his broad discretion on the matter, the arbitrator instead considered "various factors" of the underlying dispute to award a "fair and equitable" amount based on the "totality of circumstances." Suffolk promptly paid that amount.

In response, on September 26, 2016, the plaintiff moved under G. L. c. 251, §§ 12, 13, to "correct" the arbitrator's postremand award to $1,462,600, based on the twelve percent interest rate in G. L. c. 231, § 6C, and additionally to award the plaintiff supplemental attorney's fees and costs for the postarbitration court proceedings. The defendants opposed the motion, contending that (1) the plaintiff's motion was untimely; (2) the arbitrator did not exceed his authority; and (3) the

plaintiff was not entitled to further attorney's fees and costs because the defendants were the "prevailing party" in the postremand litigation.  A third Superior Court judge denied the plaintiff's motion, citing the reasons set forth in the defendants' opposition.

2.  Remand to the arbitrator to calculate preaward interest.  We review de novo a judge's decision on a motion to confirm an arbitration award under G. L. c. 251, § 11, Bolman v. Plymouth Rock Assur. Corp., 82 Mass. App. Ct. 135, 142 (2012), recognizing "that 'the entitlement of a party to preaward interest is a decision that is within the purview of the arbitrator[].'"  Id. at 139, quoting from Connecticut Valley Sanitary Waste Disposal, Inc. v. Zielinski, 436 Mass. 263, 271 (2002).  "Generally, in a proceeding to confirm an arbitration award, a judge may not alter an arbitrator's decision that allows, denies or fails to mention pre award interest."  Talty, Talty, & Braunstein, Methods of Practice § 38.20 (4th ed. supp. 2017), quoting from Bolman, supra.[4]  If the award is simply silent as to preaward interest, the confirming court lacks the authority to add preaward interest.  Reilly v. Metropolitan Property & Liab. Ins. Co., 412 Mass. 1006, 1007 (1992), citing

---

[4] The calculation of postaward interest, of course, remains a judicial duty where the parties cannot agree.  See Diaz v. Cruz, 76 Mass. App. Ct. 773, 774 (2010).

Sansone v. Metropolitan Property & Liab. Ins. Co., 30 Mass. App. Ct. 660, 662-663 (1991).

The calculation of preaward interest, however, may properly be reserved for a confirming court in certain conditions. Talty, Talty, & Braunstein, supra, citing Bolman, 82 Mass. App. Ct. at 140-141. Specifically, in Bolman, supra at 141, we decided that the issue of preaward interest may be properly reserved for the confirming court where "the reservation unambiguously was agreed to by the parties and the arbitrator." Here, there is no suggestion in the record that the parties agreed to this reservation. Both the arbitration agreement and the parties' own conduct, in fact, demonstrate the opposite. The arbitration agreement was broad enough to include the calculation of preaward interest within the arbitrator's authority, and in no way expressly reserved the issue for the confirming court. The plaintiff, moreover, specifically requested that the arbitrator calculate a sum certain award of preaward interest, and the defendants took the position in the Superior Court that they agreed for only the arbitrator to calculate preaward interest.

We reject the suggestion that an arbitrator may reserve the calculation of preaward interest to a confirming court without the agreement of the parties. It is a "fundamental principle that the arbitrator's authority is defined by the parties'

9

arbitration agreement."  Lynn v. Council 93, Am. Fedn. of State, County, & Mun. Employees, Local 193, 51 Mass. App. Ct. 905, 905 (2001).  See Bolman, 82 Mass. App. Ct. at 141 ("the issue of preaward interest properly was reserved because the reservation unambiguously was agreed to by the parties and the arbitrator"). Cf. Perlin & Blum, Procedural Forms Annotated § 116:1 (6th ed. supp. 2017), citing Sansone, 30 Mass. App. Ct. at 662-663 ("In the absence of an explicit agreement to the contrary, pre-award damage claims, including interest must be considered to have been submitted to arbitration").  Moreover, when agreed to by the parties, there is a "strong public policy favoring arbitration as an expeditious alternative to litigation for settling commercial disputes."  Massachusetts Hy. Dept. v. Perini Corp., 79 Mass. App. Ct. 430, 441 (2011), quoting from Plymouth-Carver Regional Sch. Dist. v. J. Farmer & Co., 407 Mass. 1006, 1007 (1990).  This strong public policy would not be honored if we allowed an arbitrator to reserve the calculation of preaward interest when the parties had agreed to arbitrate the issue.  Furthermore, that course of action presumes that there will be further litigation, where the hope is that the losing party to the arbitration will comply with the arbitrator's award without the necessity of resort to the courts.  See Katz, Nannis & Solomon, P.C. v. Levine, 473 Mass. 784, 794 (2016) (allowing parties to redefine "the scope of what

a court was to review with respect to every arbitration award . . . would spawn potentially complex and lengthy case-within-a-case litigation devoted to determining what the parties intended . . . . This is fundamentally contrary to the intent and purpose of our arbitration statute").  Indeed, the instant case demonstrates the complications that would arise if the parties could be required to return to court, rather than allowed simply to comply with the arbitrator's award.

Faced with an arbitrator's award that erroneously reserved the calculation of preaward interest to the court, the judge properly returned the matter to the arbitrator for correction. General Laws c. 251, § 9, authorizes the direct submission from the court to the arbitrator for the modification or correction of an award pending confirmation if (1) there is an evident mistake or miscalculation; (2) the award was imperfect in a matter of form, not affecting the merits of the controversy; or (3) for the purpose of clarifying the award.[5]  G. L. c. 251, §§ 9, 13.  Baxter Health Care, Corp. v. Harvard Apparatus, Inc., 35 Mass. App. Ct. 204, 209 (1993).  Here, because the award improperly directed the judge to calculate preaward interest without the requisite agreement of the parties, it was imperfect

[5] Section 9 expressly allows resubmission to the arbitrator by the judge independent of a party's application; as a result, the plaintiff's argument on the basis of waiver is meritless.

as a matter of form, in a manner outside the merits of the underlying dispute.[6]  G. L. c. 251, § 13(a)(3).  Accordingly, the issue of preaward interest was properly remanded to the arbitrator for calculation.  See Baxter Health Care, Corp., supra at 210 (resubmission to arbitrator under § 9 "is within the discretion of the court, and may be upon such conditions as the court orders").

It follows from the preceding conclusion that the plaintiff's motion to "correct" the arbitrator's postremand award was properly denied.  The plaintiff's motion essentially asked the judge to disregard the arbitrator's postremand decision and to calculate the postaward interest himself.  Because, however, the remanding judge properly had remanded the matter to the arbitrator, the third judge also properly rejected this motion.  See Bolman, 82 Mass. App. Ct. at 141.  See also

---

[6] This is because the arbitrator awarded preaward interest but failed to calculate it.  See Finn, Mone, & Kelly, Mediation and Arbitration § 19:172 (2017-2018 ed. 2017) ("The corrections and modifications may be made without affecting the merits of the award upon the issues submitted to the arbitrators" [emphasis supplied]).  Cf. Bruner and O'Connor on Construction Law § 21:215 (2014) ("Courts are authorized to correct or modify awards that are 'imperfect in matter of form,' as long as doing so does not affect the merits of the controversy.  As a general rule, courts have been reluctant to modify damage awards on this ground because changing the amount awarded affects the merits" [emphasis supplied]).  By contrast, had the award merely been silent on the issue of preaward interest, the remanding judge could not have remanded.  See Reilly, 412 Mass. at 1007.

Bruner and O'Connor on Construction Law § 21:215 (2014) (courts generally reluctant to correct awards imperfect in matter of form when doing so would change the amount awarded).

3. <u>Motion in the alternative to vacate the arbitrator's postremand award</u>.  We uphold an arbitration award even if the arbitrator's findings and conclusions "appear erroneous, inconsistent, or unsupported by the record at the arbitration hearing."  <u>Katz, Nannis & Solomon, P.C.</u>, 473 Mass. at 790, quoting from <u>Lynn</u> v. <u>Thompson</u>, 435 Mass. 54, 61 (2001), cert. denied, 534 U.S. 1131 (2002).  "With respect to awarding damages, so long as the arbitrator 'do[es] not overstep the limits of the issues submitted to [him], a court may not substitute its judgment on the matter.'"  <u>Perini Corp</u>., 79 Mass. App. Ct. at 435, quoting from <u>Softkey, Inc</u>. v. <u>Useful Software, Inc</u>., 52 Mass. App. Ct. 837, 839 (2001).  "We do, however, vacate an award if '[a]n arbitrator exceeds his authority by granting relief beyond the scope of the arbitration agreement . . . or by awarding relief prohibited by law.'"  <u>Springfield</u> v. <u>United Pub. Serv. Employees Union</u>, 89 Mass. App. Ct. 255, 257-258 (2016), quoting from <u>Lynn</u> v. <u>Lynn Police Assn</u>., 455 Mass. 590, 596 (2010).

General Laws c. 251, § 12, inserted by St. 1960, c. 374, § 1, likewise, specifies that a judge shall vacate an arbitration award if:

> "(1) the award was procured by corruption, fraud or other undue means;
> (2) there was evident partiality by an arbitrator appointed as a neutral, or corruption in any of the arbitrators, or misconduct prejudicing the rights of any party; [or]
> (3) the arbitrators exceeded their powers."

Here, the plaintiff does not allege corruption, fraud, or prejudice. Rather, the plaintiff contends only that the arbitrator exceeded his authority in the postremand award.

As previously discussed, however, arbitrators are authorized to grant preaward interest. See Bolman, 82 Mass. App. Ct. at 139. Indeed, arbitrators have substantial discretion to determine the scope of their contractual authority to fashion remedies, "unless expressly restricted by the agreement or the submission to arbitration." Perini Corp., 79 Mass. App. Ct. at 443, quoting from Superadio Ltd. Partnership v. Winstar Radio Prods., LLC, 446 Mass. 330, 339 (2006). An arbitrator's preaward interest award, moreover, "when made as a component of an award, is an integral part of the total remedy that he fashions and, as such, is not subject to the statutory provisions which apply to court-awarded interest on contract claims" (emphasis supplied). Id. at 434, quoting from Blue Hills Regional Dist. Sch. Comm. v. Flight, 10 Mass. App. Ct. 459, 472 (1980), S.C., 383 Mass. 642, 644 (1981). See also Construction Industry Arbitration Rules and Mediation Practices R-48(d)(i) (2015) (arbitrator's award may include "interest at

such rate and from such date as the arbitrator may deem appropriate").

The agreement in this case contained no such provision limiting the arbitrator's authority to award interest of any kind, nor prescribed interest rates. The arbitrator did not, as the plaintiff suggests, thereby exceed his authority in calculating preaward interest below the statutory rate under G. L. c. 231, § 6C. See Perini Corp., 79 Mass. App. Ct. at 446 ("once the parties resort to arbitration and legal proceedings to resolve payment of disputed claims, . . . the interest provisions of [the statute] are no longer controlling"). To the contrary, the determination was consistent with the Construction Industry Arbitration Rules incorporated into the arbitration agreement. See Construction Industry Arbitration Rules and Mediation Procedures R-48(a) (2015) ("The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties"). The third judge thus correctly denied the plaintiff's motion to vacate the arbitrator's postremand award.[7]

---

[7] The defendants had paid all existing obligations awarded by the arbitrator at the time of the plaintiff's motion. As a result, there was no need for the judge to confirm the arbitrator's postremand award pursuant to G. L. c. 251, § 12(d). See Murphy v. National Union Fire Ins. Co., 438 Mass. 529, 533 (2003) ("confirmation of the award became moot because the obligation owed to the [prevailing party] had been satisfied").

4.  Attorney's fees and costs.  As a general rule, "litigants bear their own expenses unless a statute or a contract or other agreement provides otherwise."  E. Amanti & Sons, Inc. v. R.C. Griffin, Inc., 53 Mass. App. Ct. 245, 258 (2001).  Here, the plaintiff claims supplemental attorney's fees and costs from the proceedings in the Superior Court to confirm the arbitrator's award pursuant to art. 8.16 of the subcontract between the plaintiff and Suffolk.[8]  In the absence of such an agreement, legal fees arising out of arbitration, including those to confirm, modify, or vacate an arbitration award, may not be awarded by a reviewing court.  Finn, Mone, & Kelly, Mediation and Arbitration § 9:9 (2017-2018 ed. 2017), citing Floors, Inc. v. B. G. Danis of New England, Inc., 380 Mass. 91, 99-101 (1980).  See Sun Fire Protection & Engr., Inc. v. D.F. Pray, Inc., 73 Mass. App. Ct. 906, 907-908 (2009) (declining to award attorney's fees and costs incurred solely in connection with obtaining award's confirmation).  Rather, so far as the record before us reveals, the arbitration agreement confers on the arbitrator the sole power to award attorney's fees and costs.  Accordingly, the parties have not demonstrated to us any error in the third judge's decision not to award attorney's fees

---

[8] The subcontract, while referenced by both parties, does not appear in the record before us.

for the litigation in Superior Court.  Similarly, we do not award attorney's fees for this appeal.

5.  <u>Conclusion</u>.  The order dated November 10, 2016, denying the motion to confirm and correct or vacate the postremand arbitration award is affirmed.

<u>So ordered</u>.